STEPHEN P. WILEY, City Attorney (SBN 84517)
Tom R. Shapiro, Assistant City Attorney (SBN 127383)
Tava Ostrenger, Esq. (SBN 249964)
Post Office Box 1990
Santa Barbara, California 93102-1990
(t)   (805) 564-5326 (f) (805) 897-2532
(e)   tshapiro@santabarbaraca.gov

Attorneys for City of Santa Barbara

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> CITY OF SANTA BARBARA, a municipal corporation, <br><br> Plaintiff and Real Party in Interest, <br><br> vs. <br><br> SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE, a California cooperative corporation, <br><br> Defendant. | CASE NO. CV10-6534 DDP(RCx) <br><br> COUNTERCLAIM OF CITY OF SANTA BARBARA AGAINST SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE <br><br><br><br><br><br><br><br> Complaint Filed: August 2, 2010 |

1

The City of Santa Barbara brings this counterclaim on behalf of the City of Santa Barbara and the People of the State of California against the plaintiff in the underlying action, *Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*, Case No. CV 10 6534-DDP(RCx), pursuant to Federal Rule of Civil Procedure 13(a).

The City's counterclaim is related to and arises from the same transaction or occurrence as the underlying lawsuit brought by Santa Barbara Patients' Health Cooperative (SBPCHC) against the City of Santa Barbara and it involves the same parties and the same basic question of law – the legality of the plaintiff's operation of a retail or "storefront medical marijuana dispensary" under state and federal laws relating to the sale and possession of controlled substances.

## I. THE PARTIES

1. Counterclaimant City of Santa Barbara is a municipal corporation and a chartered city organized and existing under the constitution and laws of the State of California. The City Attorney of the City of Santa Barbara also files this counterclaim on behalf of the People of the State of California under the authority of State Code of Civil Procedure § 731 and state Health and Safety Code §11570 and §11571.5.

2. Cross-Defendant Santa Barbara Patients' Collective Health Cooperative (hereinafter referred to "SBPCHC") is a California corporation, which is currently operating a medical marijuana dispensary on an over-the-counter basis known as "The Green Well," located at 500 N. Milpas Street in the City of Santa Barbara.

## II. THE UNDERLYING LAWSUIT

3. On August 6, 2010 SBPCHC filed suit against the City of Santa Barbara in the Santa Barbara County Superior Court, *Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*, Case No. 1370927. In this suit, SBPCHC petitions the Superior Court to issue a writ of mandate and seeks injunctive relief against the City, asking to have the court find that the City's adoption of amendments to its Medical Marijuana Dispensary Ordinance are unlawful and violative of SBPCHC's constitutional rights. SBPCHC also seeks monetary damages for the City's alleged constitutional violations under federal law, 42 U.S.C. § 1983.

4. In response to the above-mentioned Superior Court suit, the City timely removed the action to this court, pursuant to 28 U.S.C. § 1441(b).

## III. JURISDICTION AND VENUE

5. This counterclaim is brought by the City of Santa Barbara on behalf of the City and the People of the State of California (pursuant to the authority of § 731 of the California Code of Civil Procedure and State Health and Safety Code §11571.5) against SBPCHC pursuant to FRCP 13(a)(1)(A) and (B) as the City's claims arise out of the same transaction or occurrence that is the subject matter of the original underlying action, and does not require the addition of another party over whom the court cannot acquire jurisdiction. Additionally, the City's counterclaim against SBPCHC relates to the same real property referenced in the underlying action, the operation of a storefront

medical marijuana dispensary known as The Green Well, at 500 N. Milpas Street in the City of Santa Barbara.

6.  This court also has supplemental jurisdiction over the City's counterclaim pursuant to 28 U.S.C. § 1367.

7.  The claims alleged herein arose in the City and County of Santa Barbara, California.

8.  Therefore, venue lies in the Central District, Western Division of this court.

## GENERAL ALLEGATIONS

9.  On June 29, 2010, the City Council of the City of Santa Barbara adopted Ordinance No. 5526, amending Santa Barbara Municipal Code Chapter 28.80 (entitled "Medical Marijuana Dispensaries") to establish revised regulations and procedures within the Santa Barbara Municipal Code for the operation of valid and legal medical marijuana storefront collective dispensaries within the City of Santa Barbara (hereinafter referred to "SBMC Chapter 28.80") as such a collective may be permitted by the state Compassionate Use Act and the state Medical Marijuana Program Act.

10. Pursuant to Santa Barbara Municipal Code section 28.80.020E, a medical marijuana storefront dispensary is defined (in pertinent part) as follows: "[a]n incorporated or unincorporated association which is composed of four (4) or more Qualified Patients and their designated Primary Caregivers who associate at a particular location or Property within the City in order to collectively or cooperatively cultivate

4

marijuana for medical purposes and who, acting through Management Members distribute the collectively cultivated medical marijuana to the members of their collective at a storefront dispensary located within a non-residential zone of Santa Barbara, all in accordance with the Compassionate Use Act of 1996 (California Health and Safety Code sections 11362.5) and Health and Safety Code section 11362.7 through 11362.9. For the purposes of this Chapter, the term 'Medical Marijuana cooperative' (or 'cooperative') shall have the same meaning as a 'Medical Marijuana collective' (or a 'collective') and the term 'cooperative' shall have the definition and formation requirements established for it by state law."

11. On June 29, 2010, the Santa Barbara City Council adopted Ordinance 5526, which amended SBMC Chapter 28.80. Pursuant to Ordinance 5526, medical marijuana dispensaries which were issued dispensary operation permits under the prior City medical marijuana dispensary ordinance were permitted to continue operating for a period of one hundred eighty (180) days following the effective date of City Ordinance No. 5526 (i.e. July 29, 2010), provided those storefront dispensaries operated in a manner consistent with the "State Compassionate Use Act" and the "Medical Marijuana Program Act" (State Health and Safety Code §§ 11362.5 through 11362.83), and the Santa Barbara Municipal Code. (A certified copy of SBMC 28.80 is attached hereto as Exhibit A.)

12. SBPCHC's storefront medical marijuana dispensary at 500 N. Milpas does not exist in a location that may be permitted under the SBMC Chapter 28.80 as revised by the City Council in June 2010 under Ordinance No. 5526.

13. SBPCHC has not provided the City with written notice of its intent to discontinue operations upon the expiration of the one hundred eighty (180) day amortization period as now required by SBMC Chapter 28.80, nor has it submitted an application indicating its intent to move the storefront dispensary to a location permissible under the Ordinance No. 5526.

14. In April 2009, SBPCHC submitted an application for a dispensary permit under the then applicable version of the SBMC Chapter 28.80. This application included a statement by SBPCHC that it has "not knowingly made a false statement of material fact nor have they knowingly omitted to state a material fact in the application for a permit." Included in this application was a copy of SBPCHC's required "Operation Plan" detailing the manner which SBPCHC was proposing to operate. This "Operations Plan" indicates that the storefront dispensary will be operated by SBPCHC in a manner contrary to the applicable state laws, i.e. the Compassionate Use Act and the Medical Marijuana Program Act. In short, according to its "Operations Plan," the storefront dispensary operated by SBPCHC will attempt to make a profit in excess of its costs. SBPCHC's "Operation Plan" indicates that not only will its "healthy operational cash flow provide substantial, quantifiable benefit to the City, it will allow SBPCHC to fund

and operate all patient-directed care programs and to fulfill the greater community service aspects of the SBPCHC mission." (Operations Plan, p. 20.) The "Operation Plan" provides that "[t]he Cooperative will also pledge portions of its *dispensary revenue* to local community service organizations, and in particular, to organizations in the dispensary's neighborhood." [emphasis added] (Operations Plan, p. 16.) In summary, the "Operations Plan" expressly states that the dispensary will generate funds over and above the cost of merely cultivating and providing marijuana to its "qualifying patients" and that these excess funds will be used, among other things, to support the political and charitable goals of the operators of SBPCHC.

15. In addition, according to its April 2009 "Operations Plan," SBPCHC is also operating a storefront dispensary which merely exchanges medical marijuana for cash on an over-the-counter and/or "retail" basis. As such, it is not truly acting as a "primary caregiver" since the operators of The Green Well consistently assume no caretaking responsibility over core survival needs of a seriously ill person or persons (as a "qualified patient") as required by the state Compassionate Use Act and the state Medical Marijuana Program Act.

16. Further, as stated in its "Operations Plan," SBPCHC does not intend to and does not cultivate or grow medical marijuana at the real property or any other location, nor does it share marijuana cultivated by fellow cooperative/collective members and reimburse those members for their cultivation costs. That is, according to its Operations

Plan, SBPCHC obtains the marijuana it distributes to its members from other persons and apparently does so by purchasing this marijuana for cash, contrary to the requirements of the state Compassionate Use Act, the state Medical Marijuana Program Act, and SBMC Chapter 28.80.

17. As a result, it appears that SBPCHC, possesses, obtains, sells, and distributes marijuana contrary to the federal Controlled Substances Act.

18. The City brings this action pursuant to Santa Barbara Municipal Code section 1.28.040, which declares that any continuing violation of the Santa Barbara Municipal Code constitutes a public nuisance and authorizes the City Attorney for the City to enforce any violation of its municipal code by the commencement of a legal action for abatement of the continuing nuisance and related injunctive relief.

**FIRST CAUSE OF ACTION**
**OPERATION OF A STOREFRONT MARIJUANA DISPENSARY**
**IN VIOLATION OF SANTA BARBARA MUNICIPAL CODE CHAPTER 28.80**

19. The City incorporates by reference the above-stated allegations of paragraphs 1 through 18 in this First Cause of Action.

20. SBPCHC has acted in violation of SBMC Chapter 28.80, as amended by City Ordinance No. 5526, by operating a storefront dispensary for profit and by not acting as a primary caregiver for its members.

8

21.     SBPCHC has acted in violation of SBMC Chapter 28.80 by failing to operate a storefront dispensary using a collective or cooperative model which obtains medical marijuana at cost from its own members.

22.     SBPCHC has acted in violation of SBMC Chapter 28.80 by failing to collectively cultivate marijuana and by failing to retain the requisite records on where they obtain their marijuana.

## SECOND CAUSE OF ACTION
## FAILURE TO FOLLOW A COLLECTIVE OR COOPERATIVE MODEL IN VIOLATION OF HEALTH AND SAFETY CODE SECTION 11362.765

23.     The City incorporates by reference the above-stated allegations of paragraphs 1 through 22 in this Second Cause of Action.

24.     SBPCHC acted in violation of the California Health and Safety Code by obtaining and distributing marijuana for a profit.

## THIRD CAUSE OF ACTION
## VIOLATION OF
## FEDERAL CONTROLLED SUBSTANCES ACT 21 USC §841(a)

25.     The City incorporates by reference the above-stated allegations of paragraphs 1 through 24 in this Third Cause of Action.

26.     SBPCHC has acted in violation of the Federal Controlled Substance Act, specifically United States Code, Title 21, Chapter 13, Section 841(a) by knowingly and intentionally distributing and dispensing marijuana, a controlled substance.

27. SBPCHC acted in violation of the Federal Controlled Substance Act, specifically United States Code, Title 21, Chapter 13, Section 841(a) by knowingly and intentionally possessing marijuana with the intent to distribute, a controlled substance.

## FOURTH CAUSE OF ACTION
## MAINTENANCE OF A PUBLIC NUISANCE IN
## VIOLATION OF SANTA BARBARA MUNICIPAL CODE SECTION 1.28.040
## AND STATE HEALTH AND SAFETY CODE SECTION 11570.

28. The City incorporates by reference the above-stated allegations of paragraphs 1 through 27 in this Fourth Cause of Action.

29. SBPCHC has maintained a continuing public nuisance at 500 N. Milpas since on or about July 30, 2010 as defined by Santa Barbara Municipal Code section 1.28.040 and California Health and Safety Code section 11570. Operation of an illegal marijuana dispensary at 500 N. Milpas within the City violates the Municipal Code and the state Health and Safety Code and adversely affects the surrounding neighborhood and the entire community. As such, the violations are objectionable to the neighborhood and the community as a whole.

30. The violations stated herein are continuing violations of the Santa Barbara Municipal Code.

31. SBPCHC has failed to abate the violations stated herein and continues to act in violation of the Santa Barbara Municipal Code. For such conduct, SBPCHC should be assessed civil penalties of two hundred fifty dollars ($250.00) per day as provided by

Santa Barbara Municipal Code section 1.28.050 for each and every day a violation of the Municipal Code was and is allowed to exist on the Real Property.

32. The City will seek leave to amend the counterclaim at trial regarding continuing and additional code violations as may be established at the time of trial.

33. SBPCHC's conduct causes the City and the People of the state of California to suffer and to be threatened with great and irreparable injury, in that said acts have resulted in and unless restrained by this court, will continue to result in detriment to the health, safety, peace, comfort, and general welfare of the persons residing and owning real property in the vicinity of the unlawfully operated dispensary at 500 N. Milpas Street, as well as the interests of the general public in the reasonable regulation of property conditions. The City and the People of the State of California cannot be compensated in damages; the City and the People of the State of California are without an adequate remedy at law. An injunction is required to prevent multiple and repetitious action to enforce the Santa Barbara Municipal Code.

**WHEREFORE, the City prays for judgment against SBPCHC on all causes of action as follows:**

1. That SBPCHC be found in violation of SBMC Chapter 28.80;

2. That the storefront marijuana dispensary operated by SBPCHC and known as The Green Well located at 500 N. Milpas be declared a public nuisance and the

nuisance be ordered to be immediately abated pursuant to California Health and Safety Code §§ 11570-11573 and Chapter 1.28 of the Santa Barbara Municipal Code;

3. That SBPCHC be enjoined and restrained from maintaining further violations of the Santa Barbara Municipal Code at this location by unlawfully operating a storefront marijuana dispensary at 500 N. Milpas, or any other un-permitted location in the City.

4. That the City be awarded, pursuant to Santa Barbara Municipal Code Section 1.28.050, civil penalties of two hundred fifty dollars ($250.00) per day per violation, beginning with the date of this counterclaim and continuing each and every day until such violations are fully abated;

5. For costs of suit; and

6. For such other and further relief as the Court deems just and proper.

DATED: September 21, 2010            STEPHEN P. WILEY, City Attorney


By_____/s/_____
Tom R. Shapiro
Assistant City Attorney
Attorneys for City of Santa Barbara