STEPHEN P. WILEY, City Attorney (SBN 84517)
Tom R. Shapiro, Assistant City Attorney (SBN 127383)
Tava Ostrenger, Esq. (SBN 249964)
Post Office Box 1990
Santa Barbara, California 93102-1990
(t)    (805) 564-5326 (f) (805) 897-2532
(e)    tshapiro@santabarbaraca.gov

Attorneys for City of Santa Barbara

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> CITY OF SANTA BARBARA, a municipal corporation, <br><br> Plaintiff and Real Party in Interest, <br><br> vs. <br><br> SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE, a California cooperative corporation, <br><br> Defendant. | CASE NO. CV10-6534 DDP(RCx) <br><br> COUNTERCLAIM OF CITY OF SANTA BARBARA AGAINST SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE <br><br><br><br><br><br><br><br><br><br> Complaint Filed: August 2, 2010 |

The City of Santa Barbara brings this counterclaim on behalf of the City of Santa Barbara and the People of the State of California against the plaintiff in the underlying action, *Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*, Case No. CV 10 6534-DDP(RCx), pursuant to Federal Rule of Civil Procedure 13(a).

The City's counterclaim is related to and arises from the same transaction or occurrence as the underlying lawsuit brought by Santa Barbara Patients' Health Cooperative (SBPCHC) against the City of Santa Barbara and it involves the same parties and the same basic question of law – the legality of the plaintiff's operation of a retail or "storefront medical marijuana dispensary" under state and federal laws relating to the sale and possession of controlled substances.

## I. THE PARTIES

1.      Counterclaimant City of Santa Barbara is a municipal corporation and a chartered city organized and existing under the constitution and laws of the State of California.  The City Attorney of the City of Santa Barbara also files this counterclaim on behalf of the People of the State of California under the authority of State Code of Civil Procedure § 731 and state Health and Safety Code §11570 and §11571.5.

2.      Cross-Defendant Santa Barbara Patients' Collective Health Cooperative (hereinafter referred to "SBPCHC") is a California corporation, which is currently operating a medical marijuana dispensary on an over-the-counter basis known as "The Green Well," located at 500 N. Milpas Street in the City of Santa Barbara.

## II.   THE UNDERLYING LAWSUIT

3.     On August 6, 2010 SBPCHC filed suit against the City of Santa Barbara in the Santa Barbara County Superior Court, *Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*, Case No. 1370927.  In this suit, SBPCHC petitions the Superior Court to issue a writ of mandate and seeks injunctive relief against the City, asking to have the court find that the City's adoption of amendments to its Medical Marijuana Dispensary Ordinance are unlawful and violative of SBPCHC's constitutional rights.  SBPCHC also seeks monetary damages for the City's alleged constitutional violations under federal law, 42 U.S.C. § 1983.

4.     In response to the above-mentioned Superior Court suit, the City timely removed the action to this court, pursuant to 28 U.S.C. § 1441(b).

## III.   JURISDICTION AND VENUE

5.     This counterclaim is brought by the City of Santa Barbara on behalf of the City and the People of the State of California (pursuant to the authority of § 731 of the California Code of Civil Procedure and State Health and Safety Code §11571.5) against SBPCHC pursuant to FRCP 13(a)(1)(A) and (B) as the City's claims arise out of the same transaction or occurrence that is the subject matter of the original underlying action, and does not require the addition of another party over whom the court cannot acquire jurisdiction.  Additionally, the City's counterclaim against SBPCHC relates to the same real property referenced in the underlying action, the operation of a storefront

medical marijuana dispensary known as The Green Well, at 500 N. Milpas Street in the City of Santa Barbara.

6.     This court also has supplemental jurisdiction over the City's counterclaim pursuant to 28 U.S.C. § 1367.

7.     The claims alleged herein arose in the City and County of Santa Barbara, California.

8.     Therefore, venue lies in the Central District, Western Division of this court.

## GENERAL ALLEGATIONS

9.     On June 29, 2010, the City Council of the City of Santa Barbara adopted Ordinance No. 5526, amending Santa Barbara Municipal Code Chapter 28.80 (entitled "Medical Marijuana Dispensaries") to establish revised regulations and procedures within the Santa Barbara Municipal Code for the operation of valid and legal medical marijuana storefront collective dispensaries within the City of Santa Barbara (hereinafter referred to "SBMC Chapter 28.80") as such a collective may be permitted by the state Compassionate Use Act and the state Medical Marijuana Program Act.

10.     Pursuant to Santa Barbara Municipal Code section 28.80.020E, a medical marijuana storefront dispensary is defined (in pertinent part) as follows: "[a]n incorporated or unincorporated association which is composed of four (4) or more Qualified Patients and their designated Primary Caregivers who associate at a particular location or Property within the City in order to collectively or cooperatively cultivate

4

marijuana for medical purposes and who, acting through Management Members distribute the collectively cultivated medical marijuana to the members of their collective at a storefront dispensary located within a non-residential zone of Santa Barbara, all in accordance with the Compassionate Use Act of 1996 (California Health and Safety Code sections 11362.5) and Health and Safety Code section 11362.7 through 11362.9. For the purposes of this Chapter, the term 'Medical Marijuana cooperative' (or 'cooperative') shall have the same meaning as a 'Medical Marijuana collective' (or a 'collective') and the term 'cooperative' shall have the definition and formation requirements established for it by state law."

11.     On June 29, 2010, the Santa Barbara City Council adopted Ordinance 5526, which amended SBMC Chapter 28.80. Pursuant to Ordinance 5526, medical marijuana dispensaries which were issued dispensary operation permits under the prior City medical marijuana dispensary ordinance were permitted to continue operating for a period of one hundred eighty (180) days following the effective date of City Ordinance No. 5526 (i.e. July 29, 2010), provided those storefront dispensaries operated in a manner consistent with the "State Compassionate Use Act" and the "Medical Marijuana Program Act" (State Health and Safety Code §§ 11362.5 through 11362.83), and the Santa Barbara Municipal Code. (A certified copy of SBMC 28.80 is attached hereto as Exhibit A.)

12.    SBPCHC's storefront medical marijuana dispensary at 500 N. Milpas does not exist in a location that may be permitted under the SBMC Chapter 28.80 as revised by the City Council in June 2010 under Ordinance No. 5526.

13.    SBPCHC has not provided the City with written notice of its intent to discontinue operations upon the expiration of the one hundred eighty (180) day amortization period as now required by SBMC Chapter 28.80, nor has it submitted an application indicating its intent to move the storefront dispensary to a location permissible under the Ordinance No. 5526.

14.    In April 2009, SBPCHC submitted an application for a dispensary permit under the then applicable version of the SBMC Chapter 28.80.  This application included a statement by SBPCHC that it has "not knowingly made a false statement of material fact nor have they knowingly omitted to state a material fact in the application for a permit."  Included in this application was a copy of SBPCHC's required "Operation Plan" detailing the manner which SBPCHC was proposing to operate.  This "Operations Plan" indicates that the storefront dispensary will be operated by SBPCHC in a manner contrary to the applicable state laws, i.e. the Compassionate Use Act and the Medical Marijuana Program Act. In short, according to its "Operations Plan," the storefront dispensary operated by SBPCHC will attempt to make a profit in excess of its costs. SBPCHC's "Operation Plan" indicates that not only will its "healthy operational cash flow provide substantial, quantifiable benefit to the City, it will allow SBPCHC to fund

and operate all patient-directed care programs and to fulfill the greater community service aspects of the SBPCHC mission." (Operations Plan, p. 20.)  The "Operation Plan" provides that "[t]he Cooperative will also pledge portions of its *dispensary revenue* to local community service organizations, and in particular, to organizations in the dispensary's neighborhood." [emphasis added] (Operations Plan, p. 16.)  In summary, the "Operations Plan" expressly states that the dispensary will generate funds over and above the cost of merely cultivating and providing marijuana to its "qualifying patients" and that these excess funds will be used, among other things, to support the political and charitable goals of the operators of SBPCHC.

15.    In addition, according to its April 2009 "Operations Plan," SBPCHC is also operating a storefront dispensary which merely exchanges medical marijuana for cash on an over-the-counter and/or "retail" basis.  As such, it is not truly acting as a "primary caregiver" since the operators of The Green Well consistently assume no caretaking responsibility over core survival needs of a seriously ill person or persons (as a "qualified patient") as required by the state Compassionate Use Act and the state Medical Marijuana Program Act.

16.    Further, as stated in its "Operations Plan," SBPCHC does not intend to and does not cultivate or grow medical marijuana at the real property or any other location, nor does it share marijuana cultivated by fellow cooperative/collective members and reimburse those members for their cultivation costs. That is, according to its Operations

7

Plan, SBPCHC obtains the marijuana it distributes to its members from other persons and apparently does so by purchasing this marijuana for cash, contrary to the requirements of the state Compassionate Use Act, the state Medical Marijuana Program Act, and SBMC Chapter 28.80.

17.   As a result, it appears that SBPCHC, possesses, obtains, sells, and distributes marijuana contrary to the federal Controlled Substances Act.

18.   The City brings this action pursuant to Santa Barbara Municipal Code section 1.28.040, which declares that any continuing violation of the Santa Barbara Municipal Code constitutes a public nuisance and authorizes the City Attorney for the City to enforce any violation of its municipal code by the commencement of a legal action for abatement of the continuing nuisance and related injunctive relief.

## FIRST CAUSE OF ACTION
## OPERATION OF A STOREFRONT MARIJUANA DISPENSARY
## IN VIOLATION OF SANTA BARBARA MUNICIPAL CODE CHAPTER 28.80

19.   The City incorporates by reference the above-stated allegations of paragraphs 1 through 18 in this First Cause of Action.

20.   SBPCHC has acted in violation of SBMC Chapter 28.80, as amended by City Ordinance No. 5526, by operating a storefront dispensary for profit and by not acting as a primary caregiver for its members.

8

21.   SBPCHC has acted in violation of SBMC Chapter 28.80 by failing to operate a storefront dispensary using a collective or cooperative model which obtains medical marijuana at cost from its own members.

22.   SBPCHC has acted in violation of SBMC Chapter 28.80 by failing to collectively cultivate marijuana and by failing to retain the requisite records on where they obtain their marijuana.

## SECOND CAUSE OF ACTION
## FAILURE TO FOLLOW A COLLECTIVE OR COOPERATIVE MODEL IN VIOLATION OF HEALTH AND SAFETY CODE SECTION 11362.765

23.   The City incorporates by reference the above-stated allegations of paragraphs 1 through 22 in this Second Cause of Action.

24.   SBPCHC acted in violation of the California Health and Safety Code by obtaining and distributing marijuana for a profit.

## THIRD CAUSE OF ACTION
## VIOLATION OF
## FEDERAL CONTROLLED SUBSTANCES ACT 21 USC §841(a)

25.   The City incorporates by reference the above-stated allegations of paragraphs 1 through 24 in this Third Cause of Action.

26.   SBPCHC has acted in violation of the Federal Controlled Substance Act, specifically United States Code, Title 21, Chapter 13, Section 841(a) by knowingly and intentionally distributing and dispensing marijuana, a controlled substance.

27.     SBPCHC acted in violation of the Federal Controlled Substance Act, specifically United States Code, Title 21, Chapter 13, Section 841(a) by knowingly and intentionally possessing marijuana with the intent to distribute, a controlled substance.

### FOURTH CAUSE OF ACTION
### MAINTENANCE OF A PUBLIC NUISANCE IN
### VIOLATION OF SANTA BARBARA MUNICIPAL CODE SECTION 1.28.040
### AND STATE HEALTH AND SAFETY CODE SECTION 11570.

28.     The City incorporates by reference the above-stated allegations of paragraphs 1 through 27 in this Fourth Cause of Action.

29.     SBPCHC has maintained a continuing public nuisance at 500 N. Milpas since on or about July 30, 2010 as defined by Santa Barbara Municipal Code section 1.28.040 and California Health and Safety Code section 11570.  Operation of an illegal marijuana dispensary at 500 N. Milpas within the City violates the Municipal Code and the state Health and Safety Code and adversely affects the surrounding neighborhood and the entire community.  As such, the violations are objectionable to the neighborhood and the community as a whole.

30.     The violations stated herein are continuing violations of the Santa Barbara Municipal Code.

31.     SBPCHC has failed to abate the violations stated herein and continues to act in violation of the Santa Barbara Municipal Code.  For such conduct, SBPCHC should be assessed civil penalties of two hundred fifty dollars ($250.00) per day as provided by

Santa Barbara Municipal Code section 1.28.050 for each and every day a violation of the Municipal Code was and is allowed to exist on the Real Property.

32.    The City will seek leave to amend the counterclaim at trial regarding continuing and additional code violations as may be established at the time of trial.

33.    SBPCHC's conduct causes the City and the People of the state of California to suffer and to be threatened with great and irreparable injury, in that said acts have resulted in and unless restrained by this court, will continue to result in detriment to the health, safety, peace, comfort, and general welfare of the persons residing and owning real property in the vicinity of the unlawfully operated dispensary at 500 N. Milpas Street, as well as the interests of the general public in the reasonable regulation of property conditions.  The City and the People of the State of California cannot be compensated in damages; the City and the People of the State of California are without an adequate remedy at law.  An injunction is required to prevent multiple and repetitious action to enforce the Santa Barbara Municipal Code.

**WHEREFORE, the City prays for judgment against SBPCHC on all causes of action as follows:**

1.    That SBPCHC be found in violation of SBMC Chapter 28.80;

2.    That the storefront marijuana dispensary operated by SBPCHC and known as The Green Well located at 500 N. Milpas be declared a public nuisance and the

nuisance be ordered to be immediately abated pursuant to California Health and Safety Code §§ 11570-11573 and Chapter 1.28 of the Santa Barbara Municipal Code;

3.      That SBPCHC be enjoined and restrained from maintaining further violations of the Santa Barbara Municipal Code at this location by unlawfully operating a storefront marijuana dispensary at 500 N. Milpas, or any other un-permitted location in the City.

4.      That the City be awarded, pursuant to Santa Barbara Municipal Code Section 1.28.050, civil penalties of two hundred fifty dollars ($250.00) per day per violation, beginning with the date of this counterclaim and continuing each and every day until such violations are fully abated;

5.      For costs of suit; and

6.      For such other and further relief as the Court deems just and proper.

DATED:  September 22, 2010            STEPHEN P. WILEY, City Attorney

                                     By _____
                                          Tom R. Shapiro
                                          Assistant City Attorney
                                       Attorneys for City of Santa Barbara

**EXHIBIT A**

STATE OF CALIFORNIA          )
                                               )
COUNTY OF SANTA BARBARA )          ss.
                                               )
CITY OF SANTA BARBARA        )

I, Susan Tschech, Deputy City Clerk in and for the City of Santa Barbara, California, DO HEREBY CERTIFY that attached is a full, true and correct copy of City of Santa Barbara Municipal Code Chapter 28.80, entitled "Medical Cannabis Dispensaries," adopted by the Santa Barbara City Council on June 29, 2010, through its Ordinance No. 5526.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the official seal of said City to be affixed this 21st day of September, 2010.

(SEAL)

Susan Tschech, CMC
Deputy City Clerk

Chapter 28.80

## MEDICAL CANNABIS DISPENSARIES

Sections:
28.80.010    Purpose and Intent.
28.80.020    Definitions.
28.80.030    Storefront Collective Dispensary -
             Permit Required to Operate.
28.80.040    Imposition of Medical Marijuana
             Storefront Collective Dispensary
             Permit Fees.
28.80.050    Limitations on the Permitted
             Location of a Storefront Collective
             Dispensary.
28.80.060    Storefront Collective Dispensary –
             Permit Application Requirements.
28.80.070    Criteria for Review of Collective
             Dispensary Applications by the City
             Staff Hearing Officer.
28.80.080    Ongoing Management
             Requirements for Medical
             Marijuana Storefront Collective
             Dispensaries.

28.80.090    City Access to and Inspection of
             Required Storefront Collective
             Dispensary Records.
28.80.100    Sale, Distribution, or Exchange of
             Medical Marijuana with a Non-
             Medical Marijuana Collective
             Member.
28.80.110    Appeal from Staff Hearing Officer
             Determination.
28.80.120    Suspension and Revocation by Staff
             Hearing Officer.
28.80.130    Transfer of Collective Dispensary
             Permits.
28.80.140    Medical Marijuana Vending
             Machines.
28.80.150    Business License Tax Liability.

## 28.80.010    Purpose and Intent.

It is the purpose and intent of this Chapter to regulate the storefront distribution of medical marijuana in order to ensure the health, safety, and welfare of the residents of the City of Santa Barbara. The regulations in this Chapter, in compliance with the State Compassionate Use Act of 1996 and the State Medical Marijuana Program Act ("the SB 420 statutes"), are not intended and do not interfere with a patient's right to use medical marijuana as authorized under the Compassionate Use Act or the SB 420 statutes, nor do they criminalize the possession or cultivation of medical marijuana by specifically defined classifications of persons, as authorized under the Compassionate Use Act. Under the Compassionate Use Act of 1996 and the SB 420 statutes, only qualified patients, persons with identification cards, and primary caregivers may legally cultivate medical marijuana collectively and provide it to qualified patients or persons with identification cards. Therefore, medical marijuana collectives within the City which choose to operate storefront dispensary locations must comply with all provisions of the Santa Barbara Municipal Code ("SBMC") for obtaining a permit for the storefront dispensary as well as complying with the Compassionate Use Act, the SB 420 statutes, and all other applicable local and state laws. Nothing in this Chapter purports to permit activities that are otherwise illegal under federal, state, or local laws.  (Ord. 5526, 2010.)

## 28.80.020    Definitions.

For the purposes of this Chapter, the following words and phrases shall have the following meanings:

A.    **Applicant.** A person who is required to file an application for a Medical Marijuana Storefront Collective Dispensary permit under this Chapter, including an individual owner, managing partner, officer of a corporation, or any other dispensary operator, Management Member, employee, or agent of a Medical Marijuana Storefront Collective Dispensary.

B.    **Drug Paraphernalia.** As defined in California Health and Safety Code Section 11014.5, and as may be amended from time to time.

C.    **Identification Card.** As defined in California Health and Safety Code Section 11362.71, and as may be amended from time to time.

D.    **Management Member.** A Medical Marijuana Collective member with responsibility for the establishment, organization, registration, supervision, or oversight of the operation of a Collective including, but not limited to, members who perform the functions of president, vice president, director, operating officer, financial officer, secretary, treasurer, or manager of the Collective.

**E.   Medical Marijuana Storefront Collective Dispensary or Storefront Collective Dispensary.** An incorporated or unincorporated association which is composed of four (4) or more Qualified Patients and their designated Primary Caregivers who associate at a particular location or Property within the City in order to collectively or cooperatively cultivate marijuana for medical purposes and who, acting through Management Members, distribute the collectively-cultivated medical marijuana to the members of their Collective at a storefront dispensary located within a nonresidential zone of Santa Barbara, all in accordance with the Compassionate Use Act of 1996 (California Health and Safety Code section 11362.5) and Health and Safety Code sections 11362.7 through 11362.9. For the purposes of this Chapter, the term "Medical Marijuana cooperative" (or "cooperative") shall have the same meaning as a "Medical Marijuana collective" (or a "collective"), and the term "cooperative" shall have the definition and formation requirements established for it by state law.

A Storefront Collective Dispensary shall not include the dispensing of medical marijuana by primary caregivers to qualified patients in the following locations so long as the location and operation of the clinic, health care facility, hospice, or residential care facility is otherwise permitted by the Municipal Code and is operated in the manner required by applicable state laws:

    1.   a clinic licensed pursuant to Chapter 1 of Division 2 of the state Health and Safety Code,
    2.   a health care facility licensed pursuant to Chapter Two of Division 2 of the state Health and Safety Code,
    3.   a residential care facility for persons with chronic life-threatening illness licensed pursuant to Chapter 3.01 of Division 2 of the state Health and Safety Code,
    4.   residential care facility for the elderly licensed pursuant to Chapter 3.2 of Division 2 of the state Health and Safety Code,
    5.   a residential hospice or a home health agency licensed pursuant to Chapter 8 of Division 2 of the state Health and Safety Code,
    provided that any such clinic, health care facility, hospice or residential care facility also fully complies with applicable laws including, but not limited to, the Compassionate Use Act of 1996 and the SB 420 statutes.

**F.   Permittee.** The Management Member or Members identified to the City by an Applicant as such, and to whom a City Storefront Collective Dispensary permit has been issued, and someone who also qualifies as a primary caregiver.

**G.   Person with an Identification Card.** A person as described in California Health and Safety Code Section 11362.71 through 11362.76, and as amended from time to time.

**H.   Physician.** A licensed medical doctor, including a doctor of osteopathic medicine as defined in the California Business and Professions Code.

**I.   Primary Caregiver.** A person as defined and described in either subdivision (d) or (e) of California Health and Safety Code Section 11362.7 as it may be amended from time to time.

**J.   Property.** The location or locations within the City at which Medical Marijuana Collective members and Management members associate to collectively or cooperatively cultivate or to distribute Medical Marijuana exclusively to their Collective members.

**K.   Qualified Patient.** A person as defined and described in California Health and Safety Code Section 11362.5 et seq., and as it may be amended from time to time. For the purposes of this Chapter, a Qualified Patient shall also include a Person with an Identification Card.

**L.   Reasonable Compensation.** Compensation commensurate with reasonable wages and benefits paid to employees of federal Internal Revenue Code-qualified nonprofit organizations, which employees have similar job descriptions and duties, as well as a comparable required level of experience and education, similar prior earnings or wage history, and number of hours typically worked per week. The payment of a bonus shall not be considered reasonable compensation.

**M.   School.** An institution of learning for minors, whether public or private, offering a regular course of instruction required by the California Education Code. This definition includes an elementary school, middle, or junior high school, senior high school, or any special institution of education for persons under the age of eighteen years, whether public or private. (Ord. 5526, 2010.)

## 28.80.030   Storefront Collective Dispensary - Permit Required to Operate.

It shall be unlawful for any person to engage in, to conduct or carry on (or to permit to be engaged in, conducted or carried on) in or upon his or her Property located within the City, the operation of a Storefront Collective Dispensary unless an Applicant has first obtained and continues to maintain in full force and effect a valid Storefront Collective Dispensary Permit issued by the City for that Property pursuant to this Chapter. (Ord. 5526, 2010.)

## 28.80.040   Imposition of Medical Marijuana Storefront Collective Dispensary Permit Fees.

Every application for a Storefront Collective Dispensary permit shall be accompanied by an application fee (in an amount established by resolution of the City Council) at an amount calculated to recover the City's full cost of reviewing and issuing the Storefront Collective Dispensary permit) and the filing of a complete required application pursuant to this Chapter. The application fee shall not include the standard City fees for fingerprinting, photographing, and background check costs and shall be in addition to any other business license fee or permit fee imposed by this Code or other governmental agencies. (Ord. 5526, 2010.)

**28.80.050    Limitations on the Permitted Location of a Storefront Collective Dispensary.**

**A.    Permissible Zoning for Storefront Collective Dispensaries.** Storefront Collective Dispensaries may only be permitted and located on parcels within the City which are zoned for commercial uses and on those street block faces listed in the exhibit to this Chapter designated as "Medical Marijuana Storefront Collective Dispensaries – Allowed Locations," dated as of June 22, 2010.

**B.    Storefront Locations.** Except for those locations shown as allowed within the West Pueblo Medical Area on the exhibit attached to this Chapter which have been specifically approved by the Staff Hearing Officer as non-storefront locations pursuant to this Chapter, a Storefront Collective Dispensary shall only be located in a visible storefront type ground-floor location which provides good public views of the Dispensary entrance, its windows, and the entrance to the Storefront Collective Dispensary premises from a public street.

**C.    Commercial Areas and Zones Where Storefront Collective Dispensaries Not Permitted.** Notwithstanding subparagraph (A) above, a Storefront Collective Dispensary shall not be allowed or permitted on a parcel located within 1000 feet of another permitted or allowed Storefront Collective Dispensary.

**D.    Locational Measurements.** The distance between a Storefront Collective Dispensary and above-listed restrictions shall be calculated as a straight line from any parcel line of the Property on which the Storefront Collective Dispensary is located to the parcel line the real property on which the facility, building, or structure, or portion of the building or structure, in which the above-listed use occurs or is located.

For the purposes of determining compliance with the locational restrictions imposed by this section, the permissibility of a proposed Storefront Collective Dispensary location shall be determined by City staff based on the date the permit application has been deemed complete by the City, with the earliest complete applications deemed to have priority over any subsequent Storefront Collective Dispensary application for any particular permissible location.

**E.    One Collective Dispensary for Each Area of the City.** No more than one Storefront Collective Dispensary may open or operate in each of the areas of the City designated as allowed or permissible Collective Dispensary location areas in the exhibit attached to this Chapter, except for those areas which, at the time of the adoption of the ordinance amending this Chapter, already have more than one Storefront Collective Dispensary on a legal non-conforming basis and which are allowed to continue to operate on a legal non-conforming basis under Section Two of the Ordinance amending this Chapter--in which case a legal non-conforming Dispensary may be allowed to continue to operate in such an area.

**F.    Maximum Number of Medical Marijuana Storefront Collective Dispensaries Allowed Permits.** Notwithstanding the above, the City may not issue a total of more than three (3) Collective Dispensary permits at any one time and, subject to the amortization allowance period contained within the uncodified portions of the City ordinance adopting amendments to this chapter, no more than three (3) permitted or allowed Collective Dispensaries may legally operate within the City, including specifically those dispensaries which are open and operating in a legal nonconforming manner at the time of the adoption of the ordinance amending this Chapter.  (Ord. 5526, 2010.)

**28.80.060    Storefront Collective Dispensary – Permit Application Requirements.**

**A.    Application Filing.** A complete Performance Standard Permit application submittal packet is required for a Storefront Collective Dispensary permit, and it shall be submitted (along with all required fees) and all other information and materials required by this Chapter in order to file a complete application for a Storefront Collective Dispensary Permit for a specific Property. All applications for Storefront Collective Dispensary permits shall be filed with the Community Development Department using forms provided by the City. It is the responsibility of the Applicant to provide all of the information required for approval of the permit. The application shall be signed by a Management Member under penalty of perjury.

**B.    Eligibility for Filing.** If a Storefront Collective Dispensary permit application is filed by a non-owner of the Property, it shall also be accompanied by a written affirmation from the Property owner expressly allowing the Applicant and Management Member to apply for the Permit and acknowledging the Applicant's right to use and occupy the Property for the intended Medical Marijuana Storefront Collective Dispensary use.

**C.    Filing Date.** The filing date of any application shall be the date when the City officially receives the last submission of information or materials required in compliance with the submittal requirements specified herein, and the application has been deemed complete in writing by the City.

**D.    Effect of Incomplete Filing.** Upon notification that an application submittal is incomplete, the Applicant shall be granted an extension of time to submit all materials required to complete the application within thirty (30) days. If the application remains incomplete in excess of thirty (30) days, the application shall be deemed withdrawn and new application submittal shall be required in order to proceed with the subject request.

**E.    Filing Requirements – Proposed Operational Plan.** In connection with a permit application, an Applicant for a Storefront Collective Dispensary permit shall provide a detailed "Operations Plan" for the proposed Dispensary and, upon issuance of the Storefront Collective Dispensary permit by the City, shall operate the Storefront Collective Dispensary in accordance with the Operations Plan, as approved, at all times. A required Operations Plan shall consist of at least the following:

1. **Site Plan and Floor Plan.** A Storefront Collective Dispensary application shall have a proposed site plan and floor plan which shows a lobby waiting area at the entrance to the Storefront Collective Dispensary used to receive qualified patients or primary caregivers, and a separate and secure designated area for dispensing medical marijuana to qualified patients or designated primary caregiver members of the Collective. The primary entrance shall be located and maintained clear of barriers, landscaping and similar obstructions so that it is clearly visible from public streets, sidewalks or site driveways.

2. **Storage.** A Storefront Collective Dispensary shall have suitable locked storage on the premises, identified and approved as a part of the operational security plan for the after-hours storage of medical marijuana.

3. **Security Plans.** A Storefront Collective Dispensary shall provide a plan to provide adequate security on the premises of the Dispensary which shall be maintained in accordance with the Dispensary security plan approved by the Chief of Police and as reviewed by the Staff Hearing Officer. This plan shall include provisions for adequate lighting and alarms in order to ensure the safety of persons and to protect the premises from theft. All security guards used by dispensaries shall be licensed and employed by a state-licensed private-party operator security company retained by the Storefront Collective Dispensary, and each security guard used shall possess a valid state Department of Consumer Affairs "Security Guard Card" at all times. Security guards shall not possess or carry firearms or tazers while working at a Collective Dispensary.

4. **Security Cameras.** The Security Plan shall show how the Property will be monitored at all times by closed-circuit television for security purposes. The camera and recording system must be of adequate quality, color rendition and resolution to allow the ready identification of an individual on or adjacent to the Property. The recordings shall be maintained at the Property for a period of not less than thirty (30) days.

5. **Alarm Systems.** The Operations Plan shall provide that professionally monitored burglary and fire alarm systems shall be installed, and such systems shall be maintained in good working condition within the Storefront Collective Dispensary at all times.

6. **Emergency Contact.** An Operations Plan shall provide the Chief of Police with the name, cell phone number, and facsimile number of a Management Member to act as an on-site community relations staff person to whom the City may provide notice of any operating problems associated with the Storefront Collective Dispensary.

7. **Public Nuisance.** The Operations Plan shall provide for the Management Members of the Collective Dispensary to take all reasonable steps to discourage and correct objectionable conditions that constitute a public or private nuisance in parking areas, sidewalks, alleys and areas surrounding the premises and adjacent properties during business hours, if directly related to the patrons of the subject Storefront Collective Dispensary.

8. **Loitering Adjacent to a Dispensary.** The Operations Plan shall provide that the Management Members will take all reasonable steps to reduce loitering by Collective members in public areas, sidewalks, alleys and areas surrounding the Property and adjacent premises during the business hours of the Storefront Collective Dispensary.

9. **Trash, Litter, Graffiti.** The Operations Plan shall provide that the Management Members will keep an area which includes the sidewalks adjoining the Dispensary plus ten (10) feet beyond property lines (as well as any parking lots under the control of the Dispensary) clear of litter, debris, and trash.

10. **Removal of Graffiti.** The Operations Plan shall provide a method for the Management Members to promptly remove all graffiti from the Property and parking lots under the control of the Collective within 72 hours of its appearance.

F.   **Filing Requirements – Information Regarding Storefront Collective Dispensary Management.** A Storefront Collective Dispensary Applicant shall also provide the following Management Member and Collective information as part of a Storefront Collective Dispensary application:

1. The name, address, telephone number, title and function(s) of each Management Member;

2. For each Management Member, a fully legible copy of one (1) valid government-issued form of photo identification, such as a state driver's license or identification card. Acceptable forms of government-issued identification include, but are not limited to, driver's license or photo identity cards issued by the state Department of Motor Vehicles (or equivalent) that meet REAL ID benchmarks, a passport issued by the United States or by a foreign government, U.S. Military ID cards (active duty or retired military and their dependents) or a Permanent Resident card.

3. Written confirmation as to whether the Collective or a Management Member of the Collective previously operated in this or any other county, city or state under a similar license or permit, and whether the Collective or Management Member Applicant ever had such a license or permit revoked or suspended and the reason(s) therefore.

4. If the Collective is a corporation or a cooperative, a certified copy of the Collective's Secretary of State Articles of Incorporation, Certificate(s) of Amendment, Statement(s) of Information and a copy of the Collective's By Laws;

5. If the Collective is an unincorporated association, a copy of the articles of association;

6. The name and address of the Applicant's or Collective's current designated Agent for Service of Process;

7. A statement dated and signed by each Management Member of the Collective, under penalty of perjury, that the Management Member has personal knowledge of the information contained in the Dispensary Application, that the information contained therein is true and correct, and that the application has been completed under the supervision of the identified Management Member(s);

8. Whether edible medical marijuana products will be prepared and distributed at the proposed Dispensary Property;

9.   The Property location or locations where any and all medical marijuana will be collectively cultivated by the Collective members and Management Members.  (Ord. 5526, 2010.)

## 28.80.070   Criteria for Review of Collective Dispensary Applications by the City Staff Hearing Officer.

**A.   Decision on Application.** Upon an application for a Storefront Collective Dispensary permit being deemed complete, the Staff Hearing Officer shall either issue a Storefront Collective Dispensary permit, issue a Storefront Collective Dispensary permit with conditions in accordance with this Chapter, or deny a Storefront Collective Dispensary permit.

**B.   Criteria for Issuance.** The Staff Hearing Officer, or the City Council on appeal, shall consider the following criteria in determining whether to grant or deny a Medical Marijuana Storefront Collective Dispensary permit:

1.   That the Collective Dispensary permit and the operation of the proposed Dispensary will be consistent with the intent of the Compassionate Use Act of 1996 and the SB 420 Statutes for providing medical marijuana to qualified patients and primary caregivers, and with the provisions of this Chapter and the Municipal Code, including the application submittal and operating requirements herein.

2.   That the proposed location of the Storefront Collective Dispensary is not identified by the City Chief of Police as an area of increased or high crime activity.

3.   For those applicants who have operated other Storefront Collective Dispensaries within the City, that there have not been significant numbers of calls for police service, crimes or arrests in the area of the applicant's former location.

4.   That issuance of a Collective Dispensary permit for the Collective Dispensary size requested is appropriate to meet needs of the community for access to medical marijuana.

5.   That issuance of the Collective Dispensary permit would serve needs of City residents within a proximity to this location.

6.   That the location is not prohibited by the provisions of this Chapter or any local or state law, statute, rule, or regulation, and no significant nuisance issues or problems are likely or anticipated, and that compliance with other applicable requirements of the City's Zoning Ordinance will be accomplished.

7.   That the Dispensary's Operations Plan, its site plan, its floor plan, the proposed hours of operation, and a security plan have incorporated features necessary to assist in reducing potential crime-related problems and as specified in the operating requirements section. These features may include, but are not limited to, security on-site; procedure for allowing entry; openness to surveillance and control of the premises; the perimeter, and surrounding properties; reduction of opportunities for congregating and obstructing public ways and neighboring property; illumination of exterior areas; and limiting furnishings and features that encourage loitering and nuisance behavior.

8.   That all reasonable measures have been incorporated into the Dispensary security plan or consistently taken to successfully control the establishment's patrons' conduct resulting in disturbances, vandalism, crowd control inside or outside the premises, traffic control problems, marijuana use in public, or creation of a public or private nuisance, or interference of the operation of another business.

9.   That the Storefront Collective Dispensary is likely to have no potentially adverse affect on the health, peace, or safety of persons living or working in the surrounding area, overly burden a specific neighborhood, or contribute to a public nuisance, and that the Dispensary will generally not result in repeated nuisance activities including disturbances of the peace, illegal drug activity, marijuana use in public, harassment of passerby, excessive littering, excessive loitering, illegal parking, excessive loud noises, especially late at night or early in the morning hours, lewd conduct, or police detentions or arrests.

10.   That any provision of the Municipal Code or condition imposed by a City-issued permit, or any provision of any other local or state law, regulation, or order, or any condition imposed by permits issued in compliance with those laws, will not be violated.

11.   That the Applicant has not made a false statement of material fact or has omitted to state a material fact in the application for a permit.

12.   That the Applicant has not engaged in unlawful, fraudulent, unfair, or deceptive business acts or practices with respect to the operation of another business within the City.  (Ord. 5526, 2010.)

## 28.80.080   Ongoing Management Requirements for Medical Marijuana Storefront Collective Dispensaries.

Storefront Collective Dispensary operations shall be maintained and managed on a day-to-day basis only in compliance with the following operational standards and requirements:

**A.   Criminal History.** A Storefront Collective Dispensary permittee, including all Management Members of that permittee, shall not have been convicted of a felony or be on probation or parole for the sale or distribution of a controlled substance and shall remain free of such a conviction or probation during the period of time in which the Storefront Collective Dispensary is being operated.

**B.   Minors.** It shall be unlawful for any Storefront Collective Dispensary permittee, a Management Member of the permittee, or any other person effectively in charge of any Storefront Collective Dispensary to employ any person who is not at least 18 years of age. Persons under the age of eighteen (18) years shall not be allowed on the premises of a Medical Marijuana Collective Dispensary unless they are a qualified patient member of the Collective and they are accompanied by a parent or guardian at all times. The entrance to a Storefront Collective Dispensary shall be clearly and legibly posted with a notice indicating that persons under the age of eighteen (18) are precluded from entering the premises unless they are a qualified patient member of the Collective and they are in the presence of their parent or guardian.

**C.   Storefront Collective Dispensary Size and Access.** The following access restrictions shall apply to all Storefront Collective Dispensaries permitted by this Chapter:

    **1.**   A Storefront Collective Dispensary shall not be enlarged in size (i.e., increased floor area) without prior review and approval of the change from the Staff Hearing Officer and an approved amendment to the existing Storefront Collective Dispensary permit pursuant to the requirements of this Chapter.

    **2.**   An expressly designated Management Member or Members shall be responsible for monitoring the Property of the Storefront Collective Dispensary for any nuisance activity (including the adjacent public sidewalk and rights-of-way) which may occur on the block within which the Storefront Collective Dispensary is operating.

    **3.**   Only Collective members as primary caregivers or qualified patients shall be permitted within a Storefront Collective Dispensary building for the purposes of cultivating, processing, distributing, or obtaining medical marijuana.

    **4.**   A qualified patient or a primary caregiver shall not visit a Storefront Collective Dispensary without first having obtained a valid written recommendation from his or her licensed physician recommending the use of medical marijuana or, in the case of a primary caregiver, without first having been expressly designated a primary caregiver to a qualified patient as required by the Compassionate Use Act.

    **5.**   A qualified patient or primary caregiver may not obtain medical marijuana upon their first in-person visit to a Storefront Collective Dispensary and, instead, may only become a member of the Collective at the first visit to a particular Dispensary. Upon joining the Collective, a registered member of a Collective may obtain medical marijuana as a qualified patient or primary caregiver only after an initial waiting period of 24 hours after their initial in-person visit to the Dispensary for the purposes of joining the Collective.

    **6.**   Only a primary caregiver and qualified patient members of the Collective Dispensary shall be allowed within the designated marijuana dispensing area of a Storefront Collective Dispensary (as shown on the site plan required by the Application) along with only necessary Management Members.

    **7.**   Restrooms within the Storefront Collective Dispensary shall remain locked and under the control of Collective Dispensary Management Members at all times.

**D.   Medical Marijuana Dispensing Operations.** The following medical marijuana distribution restrictions and conditions shall apply to all of the day-to-day medical marijuana dispensing operations which occur within a City-permitted Storefront Collective Dispensary:

    **1.**   A Storefront Collective Dispensary shall only dispense to qualified patients or primary caregivers with a currently valid physician's approval or recommendation in compliance with the criteria of the Compassionate Use Act of 1996 and the SB 420 Statutes to those persons who are registered as active members of that Collective, and may do so only during storefront dispensary operating hours of between eight o'clock in the morning (8:00 a.m.) through six o'clock in the evening (6:00 p.m.), Monday through Saturday only. The days and hours of the dispensary's operation shall be posted in a sign located on the street frontage of the dispensary premises in a manner consistent with the City's Sign Ordinance. Storefront Collective Dispensaries shall require such persons receiving medical marijuana to provide valid official identification, such as a Department of Motor Vehicles driver's license or State Identification Card, each time they seek to obtain medical marijuana.

    **2.**   Prior to dispensing medical marijuana, a Management Member of the Storefront Collective Dispensary shall obtain a re-verification from the recommending physician's office personnel that the individual requesting medical marijuana is or remains a qualified patient or a primary caregiver.

    **3.**   A Storefront Collective Dispensary shall not have a physician on-site to evaluate patients and provide a Compassionate Use Act recommendation for the use of medical marijuana.

    **4.**   Every Storefront Collective Dispensary shall display, at all times during its regular business hours, the permit issued pursuant to the provisions of this Chapter for such Collective Dispensary in a conspicuous place so that the same may be readily seen by all persons entering the Storefront Collective Dispensary.

    **5.**   No Storefront Collective Dispensary shall hold or maintain a license from the State Division of Alcoholic Beverage Control for the sale of alcoholic beverages, or operate a business on the premises of the Dispensary that sells alcoholic beverages. No alcoholic beverages shall be allowed or consumed on the premises.

    **6.**   Storefront Collective Dispensaries shall be considered a commercial use relative to the parking requirements imposed by Santa Barbara Municipal Code Section 28.90.100(I).

    **7.**   A notice shall be clearly and legibly posted in the Storefront Collective Dispensary indicating that smoking, ingesting, or consuming marijuana on the premises or in the vicinity of the Dispensary is prohibited. Signs on the premises shall not obstruct the entrance or windows. Address identification shall comply with Fire Department illuminated address sign requirements.

    **8.**   Business identification signage for Storefront Collective Dispensaries shall comply with the City's Sign Ordinance (SBMC Chapter 22.70) and be limited to that needed for identification only, consisting of a single window sign or wall sign that shall not exceed six square feet in area or 10 percent of the window area, whichever is less.

**E.   Dispensary Medical Marijuana On-Site Consumption and Re-Distribution Restrictions.** The following medical marijuana consumption restrictions shall apply to all permitted Storefront Collective Dispensaries:

    **1.**   Medical marijuana shall not be consumed by qualified patients on the Property or on the premises of the Storefront Collective Dispensary.

The term "premises" includes the actual building, as well as any accessory structures, parking lot or parking areas, or other surroundings within 200 feet of the Collective Dispensary's entrance. Collective Dispensary Management Member employees who are qualified patients may consume marijuana within the enclosed building area of the premises, provided such consumption occurs only via oral consumption (i.e., eating only) but not by means of smoking or vaporization.

2.   Storefront Collective Dispensary operations shall not result in illegal re-distribution or sale of medical marijuana obtained from the Collective Dispensary, or the use or distribution in any manner which violates state law.

**F.   Retail Sales of Other Items by a Storefront Collective Dispensary.** The retail sales of related marijuana use items at a Storefront Collective Dispensary may be allowed only under the following circumstances:

1.   With the approval of the Staff Hearing Officer, a Collective Dispensary may conduct or engage in the commercial sale of specific products, goods, or services (except drug paraphernalia) in addition to the provision of medical marijuana on terms and conditions consistent with this Chapter and applicable law.

2.   No Collective Dispensary shall sell or display for sale any drug paraphernalia or any implement that may be used to administer medical marijuana.

**G.   Storefront Collective Dispensary – Compliance with the Compassionate Use Act of 1996 and SB 420 Statutes.**

1.   **State Law Compliance Warning.** Each Collective Dispensary shall have a sign posted in a conspicuous location inside the Storefront Collective Dispensary advising the public of the following:

    a.   The diversion of marijuana for non-medical purposes is a criminal violation of state law.

    b.   The use of marijuana may impair a person's ability to drive a motor vehicle or operate heavy machinery.

    c.   The sale of marijuana and the diversion of marijuana for non-medical purposes are violations of state law.

2.   **Not-For-Profit Operation of the Storefront Collective Dispensary.** No Medical Marijuana Storefront Collective Dispensary shall operate for profit. Cash and in-kind contributions, reimbursements, and reasonable compensation for services provided by Management Members and Collective Members toward the Collective's actual expenses for the growth, cultivation, processing, and provision of Medical Marijuana to qualified patients of the Collective shall be allowed, provided that such reimbursements are in strict compliance with the applicable provisions of the SB 420 Statutes. All such cash and in-kind reimbursement amounts and items shall be fully and properly documented in the financial and accounting records of the Collective Dispensary in accordance with and as required by the recordkeeping requirements of this Chapter.

3.   **Cultivation of Medical Marijuana by the Collective.** The collective cultivation of medical marijuana shall be limited to the Collective Members and Management Members. Cultivation of medical marijuana by the Collective Members and the Management Members shall occur exclusively within the boundaries of the counties of Santa Barbara, Ventura, or San Luis Obispo and only at the real property identified for such cultivation on the approved Storefront Collective Dispensary Permit application.

No cultivation of medical marijuana at any Property where the marijuana will be visible with the un-aided eye from any public or other private property, nor shall cultivated medical marijuana or dried medical marijuana be visible from the building exterior on the Property. No cultivation shall occur at the Property of the Collective unless the area devoted to the cultivation is secured from public access by means of a locked gate and any other security measures necessary to prevent unauthorized entry.

4.   **Distribution of Medical Marijuana Within Santa Barbara Only.** Distribution of the medical marijuana collectively cultivated by some Collective Members to other Collective Members shall occur exclusively within the boundaries of the city of Santa Barbara and only at the real property identified as the permitted Dispensary location on the approved Storefront Collective Dispensary Permit application.

5.   **Membership Limited to One Collective.** Membership in a Collective which operates a Storefront Collective Dispensary within the City shall be limited to one Collective per qualified patient or primary caregiver. Each Collective shall also consist only of individuals residing within Santa Barbara County, as the term "principal residence" is defined in the federal Internal Revenue Code.

**H.   Maintenance of Appropriate Collective Records Regarding Cultivation and Compliance with the SB 420 Statutes.**

1.   **Cultivation Records.** Every permitted Storefront Collective Dispensary shall maintain on-site (i.e., at the Property designated for the operation of the Storefront Collective Dispensary) the medical marijuana cultivation records of the Collective. These records shall be signed under penalty of perjury by each Management Member responsible for the cultivation and shall identify the location or locations within the counties of Santa Barbara, Ventura, or San Luis Obispo at which the Collective's medical marijuana is being cultivated. Such records shall also record the total number of marijuana plants cultivated or stored at each cultivation location. The Storefront Collective Dispensary shall also maintain an inventory record documenting the dates and amounts of medical marijuana cultivated or stored at the Dispensary Property, if any, as well as the daily amounts of Medical Marijuana distributed from the permitted Dispensary.

   **2.   Membership Records.** Every Storefront Collective Dispensary shall maintain full and complete records of the following membership information: a. the full name, date of birth, residential address, and telephone number(s) of each Collective Member and Management Member; b. the date each Collective Member and Management Member joined the Collective; c. the exact nature of each Collective Member's and Management Member's participation in the Collective; and d. the current status of each member and Management Member as a Qualified Patient or Primary Caregiver.

   **3.   Financial Records.** The Collective Dispensary shall also maintain a written accounting record or ledger of all cash, receipts, credit card transactions, reimbursements, (including any in-kind contributions), and any and all reasonable compensation for services provided by the Management Members or other members of the Collective, as well as records of all operational expenditures and costs incurred by the Storefront Collective Dispensary in accordance with generally accepted accounting practices and standards typically applicable to business records.

   **4.   Dispensary Record Retention Period.** The records required above by subparagraphs (1), (2), and (3) of this subsection shall be maintained by the Medical Marijuana Collective Dispensary for a period of three (3) years and shall be made available to the City upon a written request, subject to the authority set forth in Section 28.80.090. (Ord. 5526, 2010.)

## 28.80.090   City Access to and Inspection of Required Storefront Collective Dispensary Records.

   A duly designated City Police Department or Community Development Department representative may enter and shall be allowed to inspect the premises of every Storefront Collective Dispensary as well as the financial and membership records of the Collective required by this Chapter between the hours of eight o'clock (8:00) A.M. and six o'clock (6:00) P.M., or at any appropriate time to ensure compliance and enforcement of the provisions of this Chapter, except that the inspection and copying of the private medical records of a Collective Member shall be made available to the Police Department only pursuant to a properly executed search warrant or inspection warrant by a court of competent jurisdiction, or a court order for the inspection of such records.

   It shall be unlawful for any property owner, landlord, lessee, Medical Marijuana Collective Dispensary Member or Management Member or any other person having any responsibility over the operation of the Storefront Collective Dispensary to refuse to allow, impede, obstruct or interfere with an inspection of the Storefront Collective Dispensary or the required records thereof. (Ord. 5526, 2010.)

## 28.80.100   Sale, Distribution, or Exchange of Medical Marijuana with a Non-Medical Marijuana Collective Member.

   **A.   Transfers to or from a Non-Collective Member.** A Storefront Collective Dispensary, including the Management Member operating the Dispensary, shall not cause or permit the sale, distribution, or exchange of medical marijuana or of any edible medical marijuana product to any non-Collective Member or Management Member. No Storefront Collective Dispensary shall possess medical marijuana that was not collectively cultivated by its Management Members or members either at the Property designated for the cultivation or at its prior location allowed in accordance with this Chapter.

   **B.   Assistance for Edible Marijuana Products.** Sales of edible medical marijuana products may be permitted at a Storefront Collective Dispensary and an individual or business within the City which assists a Dispensary in preparing and processing such a product will be deemed by the City as an "individual who provides assistance to a qualified patient or person with an identification card, or his or her designated primary caregiver, in administering medical marijuana to a qualified patient …" as that phrase is used in state Health and Safety Code section 11362.765(b)(3). (Ord. 5526, 2010.)

## 28.80.110   Appeal from Staff Hearing Officer Determination.

   **A.   Appeal to the Planning Commission and the City Council.** An applicant or any interested party who disagrees with the Staff Hearing Officer's decision to issue, issue with conditions, or to deny or revoke a Storefront Collective Dispensary permit may appeal the Staff Hearing Officer's decision to the City Planning Commission in accordance with the appeal provisions of subsection (B) of Santa Barbara Municipal Code section 28.05.020 and, thereafter, to the City Council by filing an appeal pursuant to the requirements of section 1.30.050 of the Municipal Code.

   **B.   Notice of Appeal Hearing.** Upon the filing of an appeal pursuant to subparagraph (A) above, the Community Development Director or the City Clerk shall provide public notice of the appeal hearing in accordance with the notice provisions of SBMC Section 28.87.380. (Ord. 5526, 2010.)

## 28.80.120   Suspension and Revocation by Staff Hearing Officer.

   **A.   Authority to Suspend or Revoke a Storefront Collective Dispensary Permit.** Consistent with Section 28.87.360, any Storefront Collective Dispensary permit issued under the terms of this Chapter may be suspended or revoked by the Staff Hearing Officer if it shall appear to that Officer that the Dispensary permittee has violated any of the requirements of this Chapter, or the Dispensary is being operated in a manner which violates the operational requirements or operational plan required by this Chapter, or it is operated in a manner which conflicts with state law.

**B.   Annual Review of Collective Dispensary Operations.** The staff of the Community Development Department and the Police Department are hereby authorized to conduct an annual review of the operation of each permitted Storefront Collective Dispensary within the City for full compliance with the operational and recordkeeping requirements of this Chapter, including specifically, annual verification that all persons employed or volunteering at the Storefront Collective Dispensary have not been convicted of or on probation for a crime related to the possession, sale, or distribution of controlled substances. A fee in an amount established by resolution of the City Council may be established in order to reimburse the City for the time involved in the annual review process. The staff may initiate a permit suspension or revocation process for any Storefront Collective Dispensary which, upon completion of an annual review, is found not to be in compliance with the requirements of this Chapter or which is operating in a manner which constitutes a public nuisance.

**C.   Suspension or Revocation – Written Notice.** Except as otherwise provided in this Chapter, no permit shall be revoked or suspended by the Staff Hearing Officer under the authority of this Chapter until written notice of the intent to consider revocation or suspension of the permit has been served upon a Management Member or the person to whom the permit was granted at least ten (10) days prior to the date set for such review hearing. Such revocation or suspension notice shall state the specific reasons for the proposed suspension or revocation and must have been provided to the permittee in writing prior to the hearing. Such notice shall contain a brief statement of the grounds to be relied upon for revoking or suspending such permit. Notice may be given either by personal delivery to the permittee, or by depositing such notice in the U.S. mail in a sealed envelope, postage prepaid (via regular mail and return receipt requested), addressed to the person to be notified at his or her address as it appears in his or her application for a Storefront Collective Dispensary permit. (Ord. 5526, 2010.)

## 28.80.130   Transfer of Collective Dispensary Permits.

**A.   Permit – Site Specific.** A permittee shall not operate a Storefront Collective Dispensary under the authority of a Storefront Collective Dispensary permit at any place other than the address of the Collective Dispensary stated in the application for the permit. All Collective Dispensary permits issued by the City pursuant to this chapter shall be non-transferable to a different location.

**B.   Transfer of a Permitted Collective Dispensary.** A permittee shall not transfer ownership or control of a Storefront Collective Dispensary or attempt to transfer a Collective Dispensary permit to another person unless and until the transferee obtains an amendment to the permit from the Staff Hearing Officer pursuant to the permitting requirements of this Chapter stating that the transferee is now the permittee. Such an amendment may be obtained only if the transferee files an application with the Community Development Department in accordance with all provisions of this Chapter accompanied by the required transfer review application fee.

**C.   Request for Transfer with a Revocation or Suspension Pending.** No Storefront Collective Dispensary permit may be transferred (and no permission for a transfer may be issued) when the Community Development Department has notified the permittee in writing that the permit has been or may be suspended or revoked for non-compliance with this Chapter and a notice of such suspension or revocation has been provided.

**D.   Transfer without Permission.** Any attempt to transfer a Storefront Collective Dispensary permit either directly or indirectly in violation of this Chapter is declared void, and the permit shall be deemed revoked. (Ord. 5526, 2010.)

## 28.80.140   Medical Marijuana Vending Machines.

No person shall maintain, use, or operate a vending machine which dispenses marijuana to a qualified patient or primary caregiver unless such machine is located within the interior of a duly permitted Collective Dispensary. (Ord. 5526, 2010.)

## 28.80.150   Business License Tax Liability.

An operator of a Storefront Collective Dispensary shall be required to apply for and obtain a Business Tax Certificate pursuant to Chapter 5.04 as a prerequisite to obtaining a Storefront Collective Dispensary permit pursuant to the terms of this Chapter. When and as required by the State Board of Equalization, Storefront Collective Dispensary transactions shall be subject to sales tax in a manner required by state law. (Ord. 5526, 2010.)

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Santa Barbara, State of California, and not a party to the within entitled cause.

On the date set forth below, I served a true copy of:

## COUNTERCLAIM OF CITY OF SANTA BARBARA AGAINST SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE (WITH EXHIBIT A)

on the  party(ies) in this action or their attorney(s) named below by:

☐    personally delivering it to the following:

☒    depositing it in the United States Mail in a sealed envelope with postage thereon fully prepaid to the following:

> Mr. Howard N. Ellman
> Ms. Amy R. Higuera
> BUCHALTER NEMER, A Professional Corporation
> 601 California Street, 19th Floor
> San Francisco, California  94108-2824

☐    depositing it in the Fed Ex Overnight Mail in a sealed envelope with postage thereon fully prepaid, as follows:

☐    I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☒    I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on September 22, 2010, at Santa Barbara, California.

Julie A. Ruggieri