1  BUCHALTER NEMER
   A Professional Corporation
2  HOWARD N. ELLMAN (SBN: 29820)
   RICHARD C. DARWIN (SBN: 161245)
3  AMY R HIGUERA (SBN: 232876)
4  601 California Street, 19th Floor
   San Francisco, CA 94108-2824
5  Telephone: (415) 777-2727
   Facsimile: (415) 495-7587
6  Email: hellman@buchalter.com

7
   Attorneys for Petitioner and Plaintiff
8  SANTA BARBARA PATIENTS'
   COLLECTIVE HEALTH
9  COOPERATIVE

10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13                   **WESTERN DIVISION – LOS ANGELES**

14

| | |
|---|---|
| 15 SANTA BARBARA PATIENTS' COLLECTIVE HEALTH<br>16 COOPERATIVE, a California cooperative corporation<br>17<br>18         Petitioner and Plaintiff,<br>19    vs.<br>20 PEOPLE OF THE STATE OF CALIFORNIA,<br>21<br>22         Plaintiff,<br>23 CITY OF SANTA BARBARA, a municipal corporation,<br>24<br>25         Plaintiff and Real Party in Interest | CASE NO. 2:10-CV-6534 DDP (RC)<br><br>**ANSWER TO COUNTERCLAIM OF CITY OF SANTA BARBARA AGAINST SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE**<br><br>Date: Monday, November 1, 2010<br>Time: 10:00 a.m.<br>Judge: The Hon. Dean D. Pregerson |

26

27  / / /

28  / / /

Counterclaim Defendant, Santa Barbara Patients' Collective Health Cooperative, a California cooperative corporation ("Plaintiff"), responds to the Counterclaim of the City of Santa Barbara ("City"). Plaintiff answers the allegations of the Counterclaim as follows:

## I. THE PARTIES

1. Answering the allegations of paragraph 1:

    (a) Admits the allegations of the first sentence of paragraph 1.

    (b) Denies for the reasons hereinafter stated and in the Affirmative Defenses that City has the authority to file the counterclaim on behalf of the People of the State of California under any of the provisions of law cited or any other provision of law.

    (c) Denies for the reasons state in the Second Affirmative Defense that the court has subject matter jurisdiction over the issues that City asserts in its counterclaim.

2. Admits the allegations of paragraph 2.

## II. THE UNDERLYING LAWSUIT

3. Answering the allegations of paragraph 3:

    (a) Admits the allegations of paragraph 3.

    (b) Alleges that Plaintiff has a vested right based on City's express approval of its operation plan.

    (c) Alleges that City's failure to pursue administrative remedies as provided in its own ordinances deprive this Court of subject matter jurisdiction over the issues City purports to assert in its Counterclaim.

4. Admits the allegations of paragraph 4.

/ / /

/ / /

/ / /

### III. JURISDICTION AND VENUE

5. Answering the allegations of paragraph 5:

   (a) Plaintiff denies that City has the right to file this action on behalf of the People of the State of California;

   (b) Alleges that the Court lacks subject matter jurisdiction to consider the Counterclaim for the reasons more particularly alleged in the Second Affirmative Defense below;

   (c) Admits the allegations of the paragraph in the sentence beginning with the word "additionally at page 3, line 26 (3:26) and continuing to the end of that sentence.

6. Answering the allegations of paragraph 6:

   (a) Denies the allegations of paragraph 6.

   (b) Alleges that the court lacks subject matter jurisdiction for the reasons stated in the Second Affirmative Defense below.

7. Admits the allegations of paragraph 7.

8. Admits the allegations of paragraph 8.

### IV. GENERAL ALLEGATIONS

9. Admits the allegations of paragraph 9.

10. Answering the allegations of paragraph 10:

    (a) Admits that the allegations of paragraph 10 accurately quote the material from the cited section of the Municipal Code that are quoted therein.

    (b) Alleges that the recitation and summary are an incomplete and thus inaccurate recitation from a much more extensive written document that is the best evidence of its contents.

11. Answering the allegations of paragraph 11:

    (a) Admits that the City Council adopted Ordinance 5526 on June 29, 2010.

1         (b)     Admits that Ordinance 5526, as applied to Plaintiff, purports to require Plaintiff to cease operations within 180 days after the effective date of the Ordinance.

        (c)     Admits that the Ordinance section summarized and characterized in the paragraph is attached as <u>Exhibit A</u>.

        (d)     Denies the balance of the allegations of the paragraph as they purport to summarize and characterize a document that is the best evidence of its contents.

12.     Admits the allegations of paragraph 12.

13.     Answering the allegations of paragraph 13:

        (a)     Admits the allegations of paragraph 13.

        (b)     Alleges that it has no legal obligation to provide the notice or submit the application referred to therein and that City has no right to require it.

14.     Answering the allegations of paragraph 14:

        (a)     Admits the allegations of the first three sentences thereof (6:12-19).

        (b)     Denies the remaining allegations of the balance of the paragraph that purport to summarize and characterize a written document that is the best evidence of its contents.

        (c)     Alleges that City expressly approved the Operations Plan through proper application of City processes that required public hearing before a Hearing Officer and an Appeal Officer, and granted the permit that it now seeks to revoke in express response to the Operations Plan.

        (d)     Denies the allegations of the last sentence of the paragraph.

        (e)     Alleges that at no time prior to the filing of its counterclaim did City ever assert the grounds of alleged illegality that it asserts in this paragraph nor did it initiate proceedings under its own ordinances to revoke Plaintiff's permit, as alleged in the Second Affirmative Defense below.

15. Answering the allegations of paragraph 15:

    (a) Denies the allegations of paragraph 15.

    (b) Alleges that at no time has Plaintiff claimed status as a "primary caregiver" under the Compassionate Use Act and the state Medical Marijuana Program Act, nor is such status required to establish that Plaintiff is now acting lawfully and has done so at all relevant times since City granted it the permit to operate its dispensary.

16. Answering the allegations of paragraph 16:

    (a) Denies the allegations of paragraph 16.

    (b) Alleges that to the extent paragraph 16 quotes and purports to summarize and characterize a written document that is the best evidence of its contents.

    (c) Alleges that Plaintiff's Operating Agreement to which the paragraph refers was a part of Plaintiff's application for a permit, expressly approved by City when it issued the permit after full compliance with its procedural requirements that included a hearing through two administrative processes established by City ordinance.

    (d) Alleges that at no time prior to the filing of its counterclaim did City ever assert the grounds of alleged illegality that it asserts in this paragraph nor did it initiate proceedings under its own ordinances to revoke Plaintiff's permit, as alleged in the Second Affirmative Defense below.

17. Denies the allegations contained in paragraph 17.

18. Answering the allegations of paragraph 18:

    (a) Denies that City has the right to bring this action pursuant to Santa Barbara Municipal Code § 1.28.040 or any other provision of the Municipal Code.

    (b) Alleges that City is estopped to bring this action by its express approval of the Operating Plan as the basis for the application for the Dispensary

Permit that City granted after two public hearings and for failure to exhaust the administrative remedies expressly provided by its own Municipal Code as alleged in the Second Affirmative Defense below.

### ANSWER TO FIRST ALLEGED CAUSE OF ACTION

### ALLEGED OPERATION OF A STOREFRONT MARIJUANA DISPENSARY IN ALLEGED VIOLATION OF SANTA BARBARA MUNICIPAL CODE CHAPTER 28.80

19. Answering the allegations of paragraph 19, Plaintiff incorporates by reference its answers to the allegations therein incorporated.

20. Denies the allegations of paragraph 20.

21. Denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 22.

### ANSWER TO SECOND ALLEGED CAUSE OF ACTION

### ALLEGED FAILURE TO FOLLOW COLLECTIVE OR COOPERATIVE MODEL IN VIOLATION OF HEALTH & SAFETY CODE § 11362.765

23. Answering the allegations of paragraph 23, Plaintiff incorporates by reference its answers to the allegations therein incorporated.

24. Denies the allegations of paragraph 24.

### ANSWER TO THIRD ALLEGED CAUSE OF ACTION

### ALLEGED VIOLATION OF FEDERAL CONTROLLED SUBSTANCES ACT 21 U.S.C. § 841(a)

25. Answering the allegations in paragraph 25, Plaintiff incorporates by reference its answers to the allegations therein incorporated.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

/ / /

/ / /

/ / /

## ANSWER TO FOURTH ALLEGED CAUSE OF ACTION

### ALLEGED MAINTENANCE OF A PUBLIC NUISANCE IN VIOLATION OF SANTA BARBARA MUNICIPAL CODE § 1.28.040 AND STATE HEALTH & SAFETY CODE § 11570

28. Answering the allegations of paragraph 28, Plaintiff incorporates by reference its answers to the allegations therein incorporated.

29. Denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

32. Plaintiff lacks sufficient information or belief to answer the allegations of paragraph 32, and placing its denial on that ground, denies the allegation therein contained.

33. Denies the allegations contained in paragraph 33.

## FIRST AFFIRMATIVE DEFENSE

### ESTOPPEL

As and for a First Affirmative Defense, Plaintiff alleges that as City expressly approved the Operating Plan and other terms of Plaintiff's permit application and issued a Dispensary Permit based thereon, it cannot now claim that provisions of that Plan or any other provisions of the permit application constitute public nuisances, violations of law, or the basis for assessment of civil penalties.

## SECOND AFFIRMATIVE DEFENSE

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, DENYING THE COURT OF SUBJECT MATTER JURISDICTION OVER CLAIMED VIOLATIONS

As a second, separate and distinct Affirmative Defense, Plaintiff alleges as follows:

1. City's Municipal Code § 28.87.360 contains express provisions for proceeding against a permitee based on alleged violations of permits or conditions imposed with respect thereto. Subsection B of that section reads in pertinent part as follows:

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

ANSWER TO COUNTERCLAIM
BN 7205838V1

6

> If the conditions of approval of any variance, modification, conditional use permit or performance standard permit have not been met … or have been violated as determined by the Community Development Director, the Staff Hearing Officer or Planning Commission may revoke these permits or approvals. *A decision to revoke shall be made following a hearing, using the same noticing requirements that were applicable to the original permit or application.*  (Italics added)

Decisions so made are subject to appeal with notice and hearing allowed.  Those decisions are subject to independent judgment judicial review under California Code of Civil Procedure § 1094.5(c).

    2.    City has failed to exhaust the administrative remedies provided in its own Code for addressing the very allegations and claims of violation it asserts in its Counterclaim.

    3.    That failure deprived Plaintiff of the opportunity to confront those claims in a timely manner, as opposed to City's belated and unlawful claim for civil penalties assessed on a daily basis from the date of its own issuance of a permit it now claims to have been illegal from that very day.

    3.    Under California law, failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over all claims that fall within the ambit of those administrative remedies.  To this day, City has never sought to proceed against Plaintiff under § 28.87.360.

### THIRD AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

As a third, separate and distinct Affirmative Defense, Plaintiff alleges that City's Counterclaim fails to state facts sufficient to constitute a cause of action against Plaintiff.

WHEREFORE, Plaintiff respectfully requests relief as follows:

1. That City take nothing by its Counterclaim.

2. That the Counterclaim, and each of its purported causes of action, be dismissed with prejudice.

3. That Plaintiff be awarded its costs and attorneys' fees pursuant to 42 U.S.C. § 1983.

4. That the Court award Plaintiff such other and further relief as is just and proper.

DATED:  September 29, 2010          BUCHALTER NEMER
                                    A Professional Corporation


                                    By:           //S//
                                          RICHARD C. DARWIN
                                          Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

## ANSWER TO COUNTERCLAIM
## OF CITY OF SANTA BARBARA AGAINST
## SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE

I, **Richard C. Darwin**, hereby certify that on this 5th day of Occtober, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____//S//_____
RICHARD C. DARWIN