UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTA BARBARA PATIENTS'
COLLECTIVE HEALTH
COOPERATIVE, a California
cooperative corporation,

        Plaintiff-counter-defendant - Appellee,

v.

CITY OF SANTA BARBARA, a
California municipal corporation,

        Defendant-counter-claimant - Appellant.

No. 10-57024

D.C. No. 2:10-cv-06534-DDP-RC
U.S. District Court for Central
California, Los Angeles

**MANDATE**



RECEIVED
CLERK, U.S. DISTRICT COURT

JUL 17 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPT. /

The judgment of this Court, entered June 13, 2012, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellant in the amount of $438.30.

                          FOR THE COURT:
                          Molly C. Dwyer
                          Clerk of Court

                          Synitha Walker
                          Deputy Clerk

FILED

JUN 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE, a California cooperative corporation,<br><br>　　　　Plaintiff-counter-defendant - Appellee,<br><br>　v.<br><br>CITY OF SANTA BARBARA, a California municipal corporation,<br><br>　　　　Defendant-counter-claimant - Appellant. | No. 10-57024<br><br>D.C. No. 2:10-cv-06534-DDP-RC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 10, 2012
Pasadena, California

Before: D.W. NELSON, FISHER and CHRISTEN, Circuit Judges.

The City of Santa Barbara appeals the district court's order granting a

preliminary injunction in favor of Santa Barbara Patients' Collective Health

---

　　　*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cooperative ("SBPCHC"), the operator of a medical marijuana dispensary. We have jurisdiction under 28 U.S.C. § 1292. We affirm in part, but remand for reconsideration in light of events subsequent to the district court's order.

**1.** The district court did not abuse its discretion in granting the preliminary injunction. *See Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012). The district court reasonably concluded that SBPCHC could likely succeed in showing that, under the Original Ordinance, SBPCHC had acquired a vested property right to operate a marijuana dispensary and that the Revised Ordinance, particularly the 180-day amortization period, effectively revoked SBPCHC's permit without due process. *See World Wide Video of Wash., Inc. v. City of Spokane*, 368 F.3d 1186, 1199-1200 (9th Cir. 2004).

**2.** During the pendency of this appeal, however, the City passed an Amended Revised Ordinance, changing the amortization period from 180 days to four years. Because the Amended Revised Ordinance appears to supersede the district court's principal basis for granting the preliminary injunction, we remand to the district court so it can consider whether SBPCHC, under current circumstances, continues to make a sufficient showing to warrant continuation of a preliminary injunction. This inquiry will involve issues of fact and law that are best addressed by the district court in the first instance, including consideration of

additional arguments and evidence relevant to changed circumstances as the court deems appropriate.

**3.** Also while this appeal was pending, the California Court of Appeal decided, and the Supreme Court of California has granted review of, *Pack v. Superior Court*, 132 Cal. Rptr. 3d 633 (Ct. App. 2011), *rev. granted*, 268 P.3d 1063 (2012), holding that certain provisions of a Long Beach ordinance permitting marijuana dispensaries are preempted by federal law. The parties in *Pack* appear to agree that the issues before the Supreme Court of California are:

> 1. Whether a municipal ordinance that affirmatively permits and regulates medical marijuana collectives is preempted by federal law.
>
> 2. Whether a public entity has the legal authority to enact a total ban on medical marijuana collectives and related activities, in light of federal law preemption, the Compassionate Use Act, and the Medical Marijuana Program Act.
>
> 3. Whether a public entity can authorize and regulate medical marijuana collectives pursuant to local land use regulations and zoning codes.

The City and SBPCHC dispute the potential impact of a decision in *Pack* on this case, but the parties agree that federal preemption was not raised before the district court. We conclude there is some potential that the supreme court's decision could either moot some or all of the issues before the district court, or at least inform the district court's resolution of them. We leave it to the district court

to decide in the first instance how the pendency of *Pack* should affect its management of this case, including considering whether a stay of proceedings in whole or in part is warranted. We neither express nor imply an opinion on the ultimate merits of these issues.

Costs on appeal to Appellee SBPCHC.

**AFFIRMED in part; REMANDED for further proceedings.**

4