UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | Date | July 26, 2013 |
|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | | |
|---|---|---|---|
| Roxanne Horan | | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **TENTATIVE DECISION: DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The Court has read and reviewed the following documents: "Notice of and Motion to Compel Production of Documents;" "Proposed Order;" "Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Compel Production of Documents;" Notice of Errata Re: Defendant's Motion to Compel Production of Documents: Disregard Docket Item #84;" "Reply to Plaintiff's Opposition to Defendant's Motion to Compel Production of Documents;" "Request for Approval of Substitution of Attorney; [Proposed] Order" "Notice of and Motion to Compel Production of Documents;" "Joint Stipulation of Unresolved Matters re Motion to Compel Answers to Production of Documents;" "Proposed Order" and "Plaintiff's Supplemental Memorandum of Law in Support of Plaintiffs' Opposition to Defendant' Motion to Compel Production of Documents."

## PROCEDURAL HISTORY

As relevant to this Motion, the following procedural history will be summarized.

On August 6, 2010, Plaintiff Santa Barbara Patients' Collective Health Cooperative ("Plaintiff") filed a "Petition for Writ of Mandate; Complaint for Declaratory and Injunctive Relief and Monetary Damages" ("Complaint") in the Santa Barbara Superior Court against Defendant City of Santa Barbara ("Defendant") alleging the Defendant adopted a Revised Ordinance that violates constitutional limitations on interference with fundamental vested rights, and further violates constitutional protections guaranteeing substantive due process of law, equal protection under the law, and constitutes a taking of a fundamental vested right without just compensation. Plaintiff's causes of action were as follows:

(1) Mandate to Set Aside the Revised Ordinance as an Illegal and Void Purported Exercise of Police Power;
(2) Mandate to Set Aside the Revised Ordinance as an Illegal and Void Purported Exercise of the Police Power as Applied to Plaintiff for Failure to Exempt Plaintiff's Use as a Fundamental Vested Right;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | Date | July 26, 2013 |
|---|---|---|---|

| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. |
|---|---|

    (3)    Injunctions Against Special Election for Proposed Ordinance;
    (4)    Damages under 42 U.S.C. § 1983 for Violation of Fundamental Vested Rights;
    (5)    Damages for Violation of Plaintiff's Right to Substantive Due Process of Law (42 U.S.C. § 1983);
    (6)    Damages for Violation of Plaintiff's Right to Equal Protection of the Law (42 U.S.C. § 1983); and
    (7)    Violation of Prohibition against Taking without Just Compensation.

On September 1, 2010, Defendant filed a "Notice of Removal of Action under 28 U.S.C. 1441(b); Exhibits A and B" in the United States District Court for the Central District of California.

On September 21, 2010, Defendant filed an "Answer" to "Petition for Writ of Mandate; Complaint for Declaratory and Injunctive Relief and Monetary Damages."

On September 23, 2010, Defendant filed a "Counterclaim of City of Santa Barbara Against Santa Barbara Patient's Collective Health Cooperative" ("Counterclaim") asserting its "Operations Plan" indicates that the storefront dispensary will be operated in a manner contrary to applicable state laws, i.e., the "Compassionate Use Act" and the "Medical Marijuana Program Act." Further, the "Operations Plan" was alleged to expressly state that the dispensary will generate funds over and above the cost of merely cultivating and providing marijuana to its "qualifying patients" and that these excess funds will be used, among other things, to support the political and charitable goals of Plaintiff's operators. The Defendant's claims are as follows:

    (1)    Operation of a Storefront Marijuana Dispensary in Violation of Santa Barbara Municipal Code Chapter 28.80;
    (2)    Failure to Follow a Collective or Cooperative Model in Violation of Health and Safety Code Section 11362.765;
    (3)    Violation of Federal Controlled Substances Act 21 U.S.C. § 841(a); and
    (4)    Maintenance of a Public Nuisance in Violation of Santa Barbara Municipal Code § 1.28.040 and State Health and Safety Code § 11570.

On September 29, 2010, Plaintiff filed a "Notice of Motion and Motion for Preliminary Injunction regarding the Illegal Termination of Business" ("Motion for Preliminary Injunction").

On October 5, 2010, Plaintiff filed an "Answer" to the Counterclaim.

On November 24, 2010, Judge Dean D. Pregerson granted Plaintiff's "Motion for Preliminary Injunction."

On December 23, 2010, Defendant filed a "Notice of Appeal" to the Ninth Circuit on the Order Granting Plaintiff's Motion for Preliminary Injunction.

On August 15, 2011, Plaintiff filed its "First Amended Complaint and Petition for Writ of Mandate" against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | Date | July 26, 2013 |
|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | |

Defendant. Plaintiff's First Amended Complaint sought a judicial declaration that the Revised Ordinance is invalid as applied to Plaintiff because it unconstitutionally deprives Plaintiff of fundamental vested property rights protected by the California and United States Constitutions, fails to provide constitutional protection for Plaintiff's pre-existing fundamental vested rights, attempts to impose an unconstitutionally abbreviated amortization period for Plaintiff's permitted, pre-existing non-conforming use, and explicitly requires Plaintiff's compliance with provisions of the Revised Ordinance, despite the existence of a preliminary injunction that enjoins Defendant from enforcing the provisions of the Revised Ordinance against Plaintiff. Plaintiff alleged:

(1) Violation of Fundamental Vested Rights [42 U.S.C. § 1983];
(2) Violation of Due Process [42 U.S.C. § 1983; 14th Amendment];
(3) Violation of Constitutional Right to Equal Protection Under the Law [42 U.S.C. § 1983; 14th Amendment];
(4) Violation of Prohibition against Taking without Just Compensation [42 U.S.C. § 1983; 5th Amendment];
(5) Violation of Constitutional Right to Freedom of Association [42 U.S.C. § 1983; 1st Amendment];
(6) Violation of Constitutional Prohibition on Ex-Post Facto Laws [42 U.S.C. § 1983; 14th Amendment];
(7) Mandate to Set Aside the Revised Ordinance as an Illegal and Void Purported Exercise of the Police Power; and
(8) Mandate to Set Aside the Revised Ordinance as an Illegal and Void Purported Exercise of Police Power as applied to Plaintiff for Failure to Exempt Plaintiff's Use as a Fundamental Vested Right.

On September 1, 2011, Defendant filed its "Answer."

On September 14, 2011, Judge Pregerson granted a Stipulation to Modify Scheduling Order. The Discovery Cut-Off date was extended from October 3, 2011 to January 3, 2012.

On December 22, 2011, Judge Pregerson found good cause to continue the Trial to September 18, 2012, the Final Pre-trial Conference to August 27, 2012, and Expert Discovery Cut-off date to July 3, 2012.

On July 11, 2012, Judge Pregerson approved the parties' Stipulation to Reschedule Dates for Trial, Pretrial Conference, Motion Cut-off and Discovery Cut off. The new, rescheduled Discovery Cut-Off date was December 22, 2012.

On July 17, 2012, the United States Court of Appeals affirmed in part the district court's judgment, and remanded for further proceedings.

On August 27, 2012, Defendant filed a "Notice of Motion and Motion to Dismiss for Lack of Jurisdiction" ("Motion to Dismiss").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | Date | July 26, 2013 |
|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | |

On September 5, 2012, Plaintiff filed a "Memorandum in Opposition to Motion to Dismiss."

On September 10, 2012 Defendant filed a "Reply in Support of the Motion to Dismiss."

On November 29, 2012, Judge Pregerson granted in part and denied in part Defendant's Motion to Dismiss. The Motion was denied as to the First, Second, and Fifth Causes of Action.

On March 13, 2013, Parties stipulated to continue the Trial Date, Pretrial Conference Date, and the Discovery Cut-Off Date.

On March 25, 2013, Judge Pregerson continued the Jury Trial until September 24, 2013, Final Pretrial Conference to September 9, 2013; and Discovery Cut-off to August 5, 2013.

On June 5, 2013 Defendant filed a "Notice of Motion and Motion to Compel Production of Documents."

On June 19, 2013, Plaintiff filed an "Objection in Opposition to Motion to Compel Production of Documents."

On June 25, 2013, Defendant filed a "Reply in Support of Motion to Compel Production of Documents."

**DISCUSSION**

**1.** **Whether Counsel for Plaintiff Waived Her Right to Object to Defendant's Discovery Request by Failing to Timely Respond by March 5, 2013**.

Defendant contends Plaintiff waived its right to respond with objections to Defendant's Request for Production of Documents because she failed to request an extension to the original discovery response deadline. On April 3, 2013, Defendant notified Plaintiff that its discovery responses were approximately 30 days late. Defendant cautioned Plaintiff that it would proceed with a "Motion to Compel" if Plaintiff failed to respond before April 10, 2013 without objections. After receiving the April 3rd letter, Plaintiff responded on April 5 indicating its view that the parties had informally agreed to stay discovery, and thus, Plaintiff's ability to interpose objections was, essentially, preserved. Plaintiff thereafter sought and was granted two additional extensions to respond to discovery. Defendant contends that these extensions did not relieve Plaintiff of the obligation to respond without objections. Ultimately, Defendant argues that Plaintiff's failure to timely object to discovery requests constitutes a waiver of any right to object on the grounds of privilege or otherwise. (JS at 76).

Defendant never challenged or sought to correct Plaintiff's version of the parties' informal discovery extension (e.g., stay) stipulation, and, despite granting Plaintiff two additional extensions to respond, Defendant never again (until this Motion) told Plaintiff that these extensions were conditional on a waiver of objections. (See Exs. C-2; C-3.) Defendant did not again make this assertion until stating it in its Rule 37-1 letter. (Ex. C-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | Date | July 26, 2013 |
|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | |

Courts have not penalized parties for missing a discovery deadline if they believed in good faith that they did not have to meet the deadline. Melendez v. Greiner, 2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003)("the Court does not wish to penalize defendants for failing to meet a discovery deadline, where defendants may have misconstrued the Court's earlier rulings and believed in good faith that they need not have met that deadline." See Billups v. West, et. al., 1997 WL 177897, at 1 (S.D.N.Y. April 11, 1997) (finding that defendants had not waived their objections where there were other discovery extensions that could have been misunderstood). It appears that Counsel for Plaintiff was under a reasonable and good faith belief that she was not required to timely respond to Defendant's discovery because the parties had voluntarily stayed discovery pending extensive settlement negotiations. Consistent with that scenario, on March 13, 2013 the parties did stipulate that the discovery cut-off date, set for December 22, 2012 would be continued to August 27, 2013. (Exhibit 3). Judge Pregerson subsequently ordered the discovery cut-off date extended to August 5, 2013.

**2.      Whether the Court Should Sanction Plaintiff for Spoliation**.

Defendant contends Plaintiff has despoiled evidence and therefore its case should be dismissed, or other sanctions imposed as appropriate, to protect the City from prejudice. (JS at 76 ).

In 2010, Plaintiff filed its lawsuit against the City while it was operating a storefront marijuana dispensary, and actively engaging in a business for which it was incorporated under state law. When Plaintiff's dispensary was shut down by the federal Drug Enforcement Agency in May 2012, the parties were well into the litigation process and clearly Plaintiff had notice that corporate records were relevant to the litigation. Thus, Plaintiff had a duty to maintain these records.

Whether the loss by apparent theft of evidence was the result of negligence, willful misconduct, or some force beyond Plaintiff's or its counsel's control, the fact remains that Defendant is both prejudiced in its ability to defend itself and pursue its counter-claims. Defendant seeks Plaintiff's corporate, business, and financial records to prove Plaintiff was operating outside of the parameters of state law and in violation of the city ordinance.

Plaintiff contends that no spoliation has occurred because the documents have not been lost, but were stolen. (JS at 5). Plaintiff suspects a disgruntled former Board member, and has provided this person's name to both a private investigator and the police.[1] Plaintiff contends the following in its response to the Demand

---

[1]     Plaintiff has failed to produce a police report to document its claim of theft of records; however, it appears Defendant is not challenging the assertions in the declaration of Plaintiff's counsel that the corporate records had been securely stored, but that counsel discovered their apparent theft when she visited the storage area. Yet, there is a disturbing lack of detailed information regarding these records. First, they are repeatedly referenced by Plaintiff as "corporate records." The Court does not understand what this means. For example, does it include financial records, leases, insurance policies, tax returns? These deficiencies will be rectified as ordered by the Court; see infra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | | Date | July 26, 2013 |
|---|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | | |

for Production of Documents, Set One, pp. 1:22-2:2:

> "Due diligence attempt to locate documents. All corporate records known to exist at the time the Green Well closed down were stored at a storage facility in Carpenteria, California. Counsel for Plaintiff recently accessed the facility in order to review the documents for the purpose of responding to Defendant's request for Production of Documents No. 1, and discovered that the entire storage area had been emptied. Plaintiff has made diligent efforts to locate these documents. If any documents responsive to Defendant's City's Request for Production, Set One are located, and such documents are non-privileged and otherwise not subject to the objections stated herein, these responses will be supplemented."

Plaintiff contends, in any event, that the corporate records sought by Defendant to prove allegations of criminal conduct are privileged as well as irrelevant to this litigation.

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. United States v. Kitsap Physicians Svs., 314 F.3rd 995, 1001 (9th Cir.2002) (citing Akiona v. United States, 938 F.2nd 158, 161 (9th Cir.1991)) (a party engages in spoliation "as a matter of law only if they had 'some notice that the documents were potentially relevant' to the litigation before they were destroyed"); 7–37A Moore's Federal Practice—Civil § 37A.55. A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence. Moore's at § 37A.55; see also United States v. Kitsap Physicians Serv., 314 F.3rd 995, 1001 (9th Cir.2002); In re Napster, Inc., 462 F.Supp.2nd 1060, 1067 (N.D.Cal.2006) (citing Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 556–57 (N..D.Cal.1987) (noting, "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action"). The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation. In re Napster, 462 F.Supp.2nd at 1067 (duty to preserve begins when a party should have known that the evidence may be relevant to future litigation). Hixson v. City of Las Vegas, 2:12-CV-00871-RCJ, 2013 WL 3677203 (D. Nev. July 11, 2013).

District courts may impose sanctions as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2nd 27, reh'g denied, 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2nd 1097 (1991) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2nd 734 (1962)); Unigard Sec. Ins. Co. v. Lakewood Engineeringg & Mfg. Corp., 982 F.2nd 363, 368 (9th Cir.1992). This power includes the "broad discretion to make ... evidentiary rulings conducive to the conduct of a fair and orderly trial." Unigard, 982 F.2nd at 368 (quoting Campbell Industries v. M/V Gemini, 619 F.2nd 24, 27 (9th Cir.1980)).

The Court's inherent power to sanction may be invoked in response to destruction of evidence. Unigard, 982 F.2nd at 365. Courts may sanction parties responsible for spoliation of evidence in four ways that are relevant here. First, a Court may enter a default judgment against the party responsible for destroying evidence. Chambers, 501 U.S. at 45 ("[O]utright dismissal ... is a particularly severe sanction, yet is within

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | | Date | July 26, 2013 |
|---|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | | |

the court's discretion."). Second, a Court may instruct the jury that it may draw an inference adverse to the party responsible for destroying the evidence. Glover v. BIC Corp., 6 F.3rd 1318, 1329 (9th Cir.1993); Akonia v. United States, 938 F.2nd 158, 161 (9th Cir.1991), cert. denied, 503 U.S. 962, 112 S.Ct. 1567, 118 L.Ed.2nd 212 (1992). Third, a Court may issue civil contempt sanctions, which coerce a party into compliance with the Court's order and/or compensate the plaintiff for the violation. Whittaker Corp. v. Execuair Corp., 953 F.2nd 510, 516 (9th Cir.1992). Finally, a Court may assess attorney's fees. Chambers, 501 U.S. at 45 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2nd 488 (1980).

Because of their potency, these inherent powers must be exercised with restraint and discretion. Roadway Express, 447 U.S. at 764. A primary aspect of that restraint and discretion is fashioning a sanction appropriate for the specific conduct abusive of the judicial process. Id. at 765. When choosing among possible sanctions, the Court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2nd 747 (1976); Wyle v. R.J. Reynolds Industries, Inc., 709 F.2nd 585, 589 (9th Cir.1983); West v. Goodyear Tire and Rubber Co., 167 F.3rd 776, 779 (2nd Cir.1999).

A party's destruction of evidence need not be in "bad faith" to warrant the imposition of sanctions. Glover, 6 F.3rd at 1329; Unigard, 982 F.2nd at 368 n. 2. However, a party's motive or degree of fault in destroying evidence is relevant to what type of sanction is imposed. Baliotis v. McNeil, 870 F.Supp. 1285, 1291 (M.D.Pa.1994); see also Schmid v. Milwaukee Elec. Tool Corp., 13 F.3rd 76, 79 (3rd Cir.1994) (Courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim."). Advantacare Health Partners v. Access IV, C 03-04496 JF, 2004 WL 1837997 (N.D. Cal. Aug. 17, 2004).

Here, evidence was apparently stolen from Plaintiff's possession. Counsel for Plaintiff had the duty to preserve the corporate records since they were foreseeably relevant to litigation, and counsel for Plaintiff asserts she took precautions to secure the evidence in storage.

Since the records were apparently stolen from a locked storage facility, Plaintiff's degree of fault is relatively low, if any exists.

This Court does not have jurisdiction to impose terminating sanctions, and would decline to impose evidentiary sanctions, viewing that as the prerogative of the District Judge.

Although the records cannot be located, "when relevant evidence is lost accidentally or for an innocent reason, an adverse evidentiary inference from the loss may be rejected." See Blinzler v. Marriott Intern., Inc., 81 F.3rd 1148, 1159 (1st Cir.1996). Plaintiff contends, that a possibly disgruntled former employee may have stolen the records. The declaration of Plaintiff's counsel states that the only other people who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | | Date | July 26, 2013 |
|---|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | | |

may have known where the documents were stored were a federal law enforcement officer and a corporate director. Although there is no evidence of a police report, Counsel for Plaintiff indicated she contacted the police and hired a private investigator. Counsel for Plaintiff asserts:

> "With regard to the corporate documents, I did my best to protect them; they were under triple-lock in a gated commercial storage facility with other case files. I placed them there myself, after removing them from the Cooperative's dispensary during the time it was closing down. There was no reason I should not have felt them safe there." (Declaration of Dana Rosen at 2).

It is the Court's view that an adverse evidentiary inference would not be warranted if Plaintiff's counsel's version of events is accepted because the corporate records were likely stolen, and she took adequate steps to locate the documents by notifying authorities and hiring a private investigator. In Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc., 306 F.3rd 806 (9th Cir. 2002), the party responsible for preserving evidence either misplaced it, or it was stolen. In that case, the Court of Appeal held that the district court appropriately observed that the responsible party's loss of the evidence "did not evidence bad faith, was not intentional, and reflected only inadvertence that at most was negligence." Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc., 306 F.3rd at 825 (9th Cir. 2002). (Brewer v. Quaker State Oil Refining Corp., 72 F.3rd 326, 334 (3rd Cir.1995) (the district court did not abuse its discretion in refusing an unfavorable inference when the circumstances indicated that the evidence was not intentionally lost and the responsible party searched for it, but to no avail); Latimore v. Citibank Federal Sav. Bank, 151 F.3rd 712, 716 (7th Cir.1998) (the inference that a missing record contained adverse evidence was not justified when the record's loss was inadvertent). Similarly, a district court can rely upon the absence of bad faith or intentional conduct in determining whether an adverse evidentiary inference can be made. Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc., 306 F.3rd 806, 824-25 (9th Cir. 2002). Thus, the Court tentatively recommends rejection of an adverse evidentiary inference.

The Court tentatively declines to impose civil contempt sanctions against Plaintiff and declines to impose a sanction of attorney's fees. Sanctions in any form are inappropriate in these circumstances.

**3.      The Discovery at Issue in this Motion.**

The Court will first observe, generally, that financial information and related information concerning the operation of Plaintiff is relevant for discovery purposes to both Plaintiff's claims and to the counter-claims in this case. One apparent difficulty in ruling on the Motion, however, is that the Court does not, at this time, have clear information from Plaintiff as to what records were taken from the business premises by Plaintiff's counsel, Ms. Rosenberg, stored in the storage facility, and then disappeared from that facility. It would not make sense to order production of records which do not exist. As a starting point, therefore, Plaintiff's counsel will provide her Declaration to the Court by August 1, 2013 at 3:00 p.m., containing the following information and exhibits.

(1)     A copy of the lease for the relevant storage facility;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06534-DDP (VBKx) | Date | July 26, 2013 |
|---|---|---|---|
| Title | Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara, et al. | | |

(2) A copy of any report made either to the storage facility or to any law enforcement agency concerning theft or disappearance of records belonging to Plaintiff contained in the storage facility, including any inventory of records which was provided therein;

(3) Any report from a private investigator retained by on or behalf of Plaintiff;

(4) An inventory or detailed description of the records which Plaintiff's counsel assertedly transported from the location of the cooperative to the storage facility;

(5) Identification of whether all financial documents and other records sought in this Motion existed only in hard copy format or whether any such records were stored on computer hard drives or other electronic storage devices;

(6) If any such records were stored on electronic storage devices, identification of those digital devices, and a statement of their present location and identity of the custodian(s);

(7) With regard to the types of records being sought in this Motion, including but not limited to leases, loans, financing of the cooperative, bank records, insurance policies, employee payroll and other personnel records, and tax returns, Plaintiff's counsel will identify whether any attempts have been made to reconstruct or obtain copies of those records. Plaintiff's counsel will also identify information which is relevant to reconstruction of such records or obtaining copies, including but not limited to the identities of relevant persons or entities, such as lenders, insurers, banks, accounting professionals, and taxing authorities;

(8) If Plaintiff's counsel does not have any or all of the information required by the Court, counsel will identify the individual(s) who does possess such pertinent information as to each category of information.

As indicated, Plaintiff's counsel's declaration concerning these issues will be filed with the Court by August 1, 2013, with a courtesy copy to chambers by 3:00 p.m.

The Motion hearing will be continued to August 6, 2013 at 10:00 a.m. Counsel for Plaintiff, Ms. Rosenberg, will appear at the hearing unless excused by written Order of the Court based upon a written application filed no later than August 1, 2013.

This Tentative Decision is provided for the assistance of counsel in preparation for the hearing in this matter. It may not be cited in this or any other case for any purpose. No supplemental documents other than as ordered may be filed with the Court unless they are timely and in compliance with Local Rule 37-2.3. Courtesy copies of <u>all</u> supplemental documents will be delivered to chambers.

**IT IS SO ORDERED**.

| | : | |
|---|---|---|
| | Initials of Preparer | RH |